**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 18 2000**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

NOUHAD RACHED EL-HAJJAOUI,
a/k/a Nick El-Hajjaoui,

      Defendant-Appellant.

No. 99-6241

**Appeal from the United States District Court**
**for the Western District of Oklahoma**
**(D.C. No. CR-98-80-R)**

Alan Rubin, Epstein, Adelson & Rubin, Los Angeles, California, for Defendant-Appellant.

Mary M. Smith, Assistant United States Attorney (Daniel G. Webber, Jr., United States Attorney, with her on the brief), Oklahoma City, Oklahoma, for Plaintiff-Appellee.

Before **EBEL, ANDERSON**, and **MURPHY,** Circuit Judges.

**EBEL**, Circuit Judge.

On May 20, 1998, the Grand Jury for the Western District of Oklahoma

indicted defendant Nouhad Rached "Nick" El-Hajjaoui ("El-Hajjaoui") and four

others, Randa Saffo, Suhail Saffo, Richard Kevin Day, and Mohammed Abdul Majid, in a twenty-nine count indictment. The charges stemmed from an elaborate conspiracy of possessing and distributing pseudoephedrine in violation of 21 U.S.C. § 841(d)(2), and engaging in money laundering transactions related to the pseudoephedrine distributions. After a seven-day jury trial, El-Hajjaoui was convicted on all counts against him. He was sentenced to a term of imprisonment of ninety-six months, a three-year period of supervised release, and a special assessment of $1,000. El-Hajjaoui appeals, raising three issues. We affirm.

## I. BACKGROUND

This case concerns the pseudoephedrine distribution activities of El-Hajjaoui, Randa Saffo, and Kevin Day, and the companies with which those individuals were involved. The relevant facts pertaining to the indictment and to El-Hajjaoui's conviction are set forth in detail in the related appeal, United States v. Saffo, No. 99-6276, ___ F.3d ___ (10th Cir. Sept. 18, 2000).

El-Hajjaoui was convicted of one count of conspiracy to possess and distribute pseudoephedrine in violation of 21 U.S.C. § 841(d)(2) and § 846, four counts of distribution of pseudoephedrine in violation of 21 U.S.C. § 841(d)(2) and 18 U.S.C. § 2, one count of conspiracy to commit money laundering in

- 2 -

violation of 18 U.S.C. § 1956(h), and four counts of money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and 18 U.S.C. § 2.

On appeal, El-Hajjaoui challenges the constitutionality of 21 U.S.C. § 841(d)(2), one of the statutes under which he was convicted, on the grounds that (1) it permits an individual to be convicted without the requisite mens rea, and (2) its use of the "reasonable cause to believe" standard renders it unconstitutionally vague. El-Hajjaoui also argues that the district court erred in refusing to give a jury instruction on the lesser included offense of 21 U.S.C. § 842(a)(11).

## II. DISCUSSION

A. <u>Constitutionality of 21 U.S.C. § 841(d)(2)</u>

1. <u>Whether the Statute Permits Conviction Without the Requisite Mens Rea</u>

The first question raised by El-Hajjaoui is whether the "reasonable cause to believe" mental state in § 841(d)(2) is constitutionally sufficient to impose criminal liability. For the reasons set forth in the related case, <u>United States v. Saffo</u>, No. 99-6276, ___ F.3d ___ (10th Cir. Sept. 18, 2000), we hold that it is. Therefore, we reject El-Hajjaoui's first challenge to the statute's constitutionality.

Because we find no impermissible mental state requirement in 21 U.S.C. § 841(d)(2), El-Hajjaoui has no valid challenge to the general verdict on the count of the indictment pertaining to that statute. <u>See</u> <u>Schad v. Arizona</u>, 501 U.S. 624,

632, 111 S.Ct. 2491, 2497, 115 L.Ed.2d 555 (1991). Moreover, we further note, as we did in Saffo, that in the case before us, the jury's conviction of El-Hajjaoui on the money laundering counts under 18 U.S.C. § 1956 demonstrates that the jury necessarily found that El-Hajjaoui had actual knowledge that the pseudoephedrine would be used to manufacture methamphetamine.

2. Whether the Statute is Unconstitutionally Vague

"When reviewing a statute alleged to be vague, courts must indulge a presumption that it is constitutional, and the statute must be upheld unless the court is satisfied beyond all reasonable doubt that the legislature went beyond the confines of the Constitution." Brecheisen v. Mondragon, 833 F.2d 238, 241 (10th Cir. 1987); see also Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 497 102 S.Ct. 1186, 1193, 71 L.Ed.2d 362 (1982).

El-Hajjaoui argues that all of the charges against him depended on the government's assertion that he had "reasonable cause to believe" the pseudoephedrine he sold would be used to manufacture methamphetamine, and that the standard of "reasonable cause to believe" that the chemical "will be used" for manufacturing a controlled substance renders 21 U.S.C. § 841(d)(2) unconstitutionally vague.

"'[T]he void for vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand

what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.'" United States v. Corrow, 119 F.3d 796, 802 (10th Cir. 1997) (quoting Kolender v. Lawson, 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed. 2d 903 (1983)). "[V]agueness challenges to statutes which do not involve First Amendment freedoms must be examined in light of the facts of the case at hand. One to whose conduct a statute clearly applies may not successfully challenge it for vagueness." Village of Hoffman Estates, 455 U.S. at 495 n.7 (internal citations and quotations omitted); Corrow, 119 F.3d at 803.

We hold that the evidence produced at trial demonstrated that El-Hajjaoui is "one to whose conduct [the] statute clearly applies"; therefore, he cannot successfully challenge the statute for vagueness. The record shows that El-Hajjaoui was aware of the illegal activities that were taking place. He knew that psuedoephedrine could be used illegally to manufacture methamphetamine; he was selling excessively large quantities of pseudoephedrine; he told the DEA that he would no longer sell pseudoephedrine to David Verdi because Verdi was violating the law, yet he continued his involvement with David Verdi and Verdi's purported companies; he is the one who introduced Verdi to Upland Bank in California so that Verdi could take money from pseudoephedrine sales there and purchase cashier's checks; he knew, at least as of September 1997, that the purported customers in Arizona to whom he was selling the drug did not exist;

and he told Marcia Peterson that seventy to seventy-five percent of the pseudoephedrine was "going out on the street."

The evidence produced at trial demonstrates that El-Hajjaoui had knowledge of the illegality of his activities, and thus this is not a situation where he "could not reasonably understand that his contemplated conduct is proscribed." Parker v. Levy, 417 U.S. 733, 757, 94 S.Ct. 2547, 2562, 41 L.Ed.2d 439 (1974) (quoting Unites States v. National Dairy Prods. Corp., 372 U.S. 29, 32-33, 83 S.Ct. 594, 598, 9 L.Ed.2d 561 (1963)). We conclude that, as applied to El-Hajjaoui, the statute is not unconstitutionally vague.[1]

B. Whether a Lesser Included Offense Instruction Should Have Been Given

---

[1]We further add that even if the statute were otherwise vague, our holding, set forth in detail in Saffo, that the statute contains a sufficient mens rea requirement, would mitigate that vagueness. See Village of Hoffman Estates, 455 U.S. at 499 ("[T]he Court has recognized that a scienter requirement may mitigate a law's vagueness, especially with respect to the adequacy of notice to the complainant that his conduct is proscribed."); see also United States v. Gaudreau, 860 F.2d 357, 360 (10th Cir. 1988) ("[A] scienter requirement may mitigate a criminal law's vagueness by ensuring that it punishes only those who are aware their conduct is unlawful.") (citing Screws v. United States, 325 U.S. 91, 101-04, 65 S.Ct. 1031, 1035-37, 89 L.Ed. 1495 (1945) (plurality opinion)); Wayne R. LaFave & Austin W. Scott, Jr., Substantive Criminal Law § 2.3, at 130 (1986) ("Not infrequently the Supreme Court, in passing upon a statute claimed to be unconstitutional for vagueness, has concluded that the statute gives fair warning because scienter is an element of the offense.") (citations omitted).

El-Hajjaoui asked for an instruction on 21 U.S.C. § 842(a)(11), which he contends is a lesser included offense of 21 U.S.C. § 841(d)(2). The district court refused the proposed instruction. We review de novo the question of whether an offense for which an instruction was sought actually qualifies as a lesser included offense. See United States v. Pearson, 203 F.3d 1243, 1270 (10th Cir. 2000). The district court's determination as to whether there is sufficient evidence to justify the lesser included instruction based on the evidence, however, is reviewed for an abuse of discretion. See id.

El-Hajjaoui was entitled to a lesser included offense instruction if (1) he made a proper request; (2) the lesser included offense consists of some but not all of the elements of the offense charged; (3) the elements differentiating the lesser included offense from the charged crime are in dispute; and (4) a jury could rationally convict him of the lesser offense and acquit him of the greater offense. See id.

Here, the second requirement is not met. The relevant language of 21 U.S.C. § 842(a)(11) states: "It shall be unlawful for any person . . . to distribute a laboratory supply to a person who uses, or attempts to use, that laboratory supply to manufacture a controlled substance or a listed chemical . . . with reckless

disregard for the illegal uses to which such a laboratory supply will be put."[2]

This offense requires proof that the person to whom the laboratory supply was distributed actually used or attempted to use that supply to manufacture a controlled substance or a listed chemical. The offense for which El-Hajjaoui was convicted, 21 U.S.C. § 841(d)(2), does not require proof that the purchaser actually "used or attempted to use" the listed chemical to manufacture a controlled substance. See United States v. Prather, 205 F.3d 1265, 1269 (11th Cir. 2000); United States v. Green, 779 F.2d 1313, 1319 (7th Cir. 1985).

"Where the lesser offense requires an element not required for the greater offense, no instruction is to be given . . . ." Schmuck v. United States, 489 U.S. 705, 716 (1989); see also Carter v. United States, __ U.S. __, __, 120 S.Ct. 2159, 2164 (2000) (discussing Schmuck). We therefore conclude that 21 U.S.C. § 841(a)(11) is not a lesser included offense of 21 U.S.C. § 841(d)(2), and that the district court properly denied El-Hajjaoui's requested lesser included offense instruction.

---

[2]"[T]he term 'laboratory supply' means a listed chemical [such as pseudoephedrine] or any chemical, substance, or item on a special surveillance list published by the Attorney General, which contains chemicals, products, materials, or equipment used in the manufacture of controlled substances and listed chemicals." 21 U.S.C. § 842(a)(11).

## III. CONCLUSION

For the reasons set forth above, we AFFIRM El-Hajjoui's conviction and sentence.