**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 18 2000**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

  Plaintiff-Appellee,

v.

RICHARD KEVIN DAY,

  Defendant-Appellant.

No. 00-6057

---

**Appeal from the United States District Court**
**for the Western District of Oklahoma**
**(D.C. No. CR-98-80-R)**

---

**Submitted on the briefs:**[*]

Mack K. Martin and J. David Ogle, Martin Law Office, Oklahoma City, Oklahoma, for Defendant-Appellant.

Daniel G. Weber, Jr., United States Attorney, and Mary M. Smith, Assistant United States Attorney, Oklahoma City, Oklahoma, for Plaintiff-Appellee.

---

Before **EBEL**, **ANDERSON**, and **MURPHY**, Circuit Judges.

---

**EBEL**, Circuit Judge.

---

  [*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case therefore is ordered submitted without oral argument.

On May 20, 1998, the Grand Jury for the Western District of Oklahoma indicted defendant Richard Kevin Day ("Day") and four others, Randa Saffo ("Saffo"), Suhail Saffo, Nouhad Rached "Nick" El-Hajjaoui ("El-Hajjaoui"), and Mohammed Abdul Majid, in a twenty-nine count indictment. The charges stemmed from an elaborate conspiracy of possessing and distributing pseudoephedrine in violation of 21 U.S.C. § 841(d)(2), and engaging in money laundering transactions related to the pseudoephedrine distributions. After a seven-day jury trial, Day was convicted on all counts against him. He was sentenced to a term of imprisonment of seventy-two months on each count, to run concurrently, and a three-year period of supervised release. Day now appeals his conviction and sentence. We affirm.

## I. BACKGROUND

This case concerns the pseudoephedrine distribution activities of Day, Saffo, and El-Hajjaoui, and the companies with which those individuals were involved. The relevant facts pertaining to the indictment and Day's conviction are set forth in detail in the related appeal, United States v. Saffo, No. 99-6276, ___ F.3d ___ (10th Cir. Sept. 18, 2000).

Day was convicted of one count of conspiracy to possess and distribute pseudoephedrine in violation of 21 U.S.C. § 841(d)(2) and § 846, three counts of distribution of pseudoephedrine in violation of 21 U.S.C. § 841(d)(2) and 18 U.S.C. § 2, one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h), and five counts of money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and 18 U.S.C. § 2.

On appeal, Day challenges the constitutionality of 21 U.S.C. § 841(d)(2), one of the statutes under which he was convicted, on the grounds that (1) it permits an individual to be convicted without the requisite mens rea, and (2) its use of the "reasonable cause to believe" standard renders it unconstitutionally vague. He then argues that because his other convictions for conspiracy and money laundering were based on the convictions under the unconstitutional statute, those convictions should also be reversed. Day further argues, assuming the statute is constitutional, that the evidence was insufficient to support the jury's verdict that he knew or had reasonable cause to believe the pseudoephedrine would be used to manufacture a controlled substance. Finally, Day challenges the district court's refusal to give a jury instruction on the lesser included offense of 21 U.S.C. § 842(a)(11), and the district court's failure to adjust his sentence for acceptance of responsibility pursuant to § 3E1.1 of the Sentencing Guidelines.

## II. DISCUSSION

A. Constitutionality of 21 U.S.C. § 841(d)(2)

1. Whether the Statute Permits Conviction Without the Requisite Mens Rea

The first question raised by Day is whether the "reasonable cause to believe" mental state in § 841(d)(2) is constitutionally sufficient to impose criminal liability. For the reasons set forth in the related case, United States v. Saffo, No. 99-6276, ___ F.3d ___ (10th Cir. Sept. 18, 2000), we hold that it is. Therefore, we reject Day's first challenge to the statute's constitutionality.

Because we find no impermissible mental state requirement in 21 U.S.C. § 841(d)(2), Day has no valid challenge to the general verdict on the count of the indictment pertaining to that statute. See Schad v. Arizona, 501 U.S. 624, 632, 111 S.Ct. 2491, 2497, 115 L.Ed.2d 555 (1991). Moreover, we further note, as we did in Saffo, that in the case before us, the jury's conviction of Day on the money laundering counts under 18 U.S.C. § 1956 demonstrates that the jury necessarily found that Day had actual knowledge that the pseudoephedrine would be used to manufacture methamphetamine.

2. Whether the Statute is Unconstitutionally Vague

"When reviewing a statute alleged to be vague, courts must indulge a presumption that it is constitutional, and the statute must be upheld unless the court is satisfied beyond all reasonable doubt that the legislature went beyond the

- 4 -

confines of the Constitution." Brecheisen v. Mondragon, 833 F.2d 238, 241 (10th Cir. 1987); see also Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 497 102 S.Ct. 1186, 1193, 71 L.Ed.2d 362 (1982).

Day argues that all of the charges against him depended on the government's assertion that he had "reasonable cause to believe" the pseudoephedrine he sold would be used to manufacture methamphetamine, and that the standard of "reasonable cause to believe" that the chemical "will be used" for manufacturing a controlled substance renders 21 U.S.C. § 841(d)(2) unconstitutionally vague.

"'[T]he void for vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.'" United States v. Corrow, 119 F.3d 796, 802 (10th Cir. 1997) (quoting Kolender v. Lawson, 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed. 2d 903 (1983)). "[V]agueness challenges to statutes which do not involve First Amendment freedoms must be examined in light of the facts of the case at hand. One to whose conduct a statute clearly applies may not successfully challenge it for vagueness." Village of Hoffman Estates, 455 U.S. at 495 n.7 (internal citations and quotations omitted); Corrow, 119 F.3d at 803.

We hold that the evidence produced at trial demonstrated that Day is "one to whose conduct [the] statute clearly applies"; therefore, he cannot successfully challenge the statute for vagueness. The record shows that Day was aware of the illegal activities that were taking place. He knew that pseudoephedrine could be used illegally to manufacture methamphetamine; he was selling excessively large quantities of pseudoephedrine in cash transactions; he knew, at least as of late summer or early fall of 1997, that the purported customers in Arizona to whom he was supposedly selling the drug did not exist, yet his records continue to show sales to them after that date; he created invoices showing he was shipping to Arizona companies although he was actually making drop shipment deliveries to Saffo's residence, hair salon, and self-storage units; he failed to list Saffo as a pseudoephedrine customer on his customer list when she was clearly a major pseudoephedrine customer of his; in his report to the DEA of suspicious activity, he cited as "strange" and "unusual" a customer's request for 120 cases of pseudoephedrine to be paid for in cash, yet at the same time he made this report, he was engaging regularly in cash transactions for even larger quantities of pseudoephedrine with Saffo; and the documentation he had for his alleged customers was patently bogus.

The evidence produced at trial demonstrates that Day had knowledge of the illegality of his activities, and thus this is not a situation where he "could not

reasonably understand that his contemplated conduct is proscribed." Parker v. Levy, 417 U.S. 733, 757, 94 S.Ct. 2547, 2562, 41 L.Ed.2d 439 (1974) (quoting Unites States v. National Dairy Prods. Corp., 372 U.S. 29, 32-33, 83 S.Ct. 594, 598, 9 L.Ed.2d 561 (1963)). We therefore conclude that, as applied to Day, the statute is not unconstitutionally vague.[1]

Because we find 21 U.S.C. § 841(d)(2) constitutional as applied to Day, there is no need for us to address his claim that the unconstitutionality of that statute requires reversal of his convictions on the other counts.

B. Sufficiency of the Evidence to Support the Verdict Under 21 U.S.C. § 841(d)(2)

We review de novo the sufficiency of the evidence to support a jury verdict. See United States v. Voss, 82 F.3d 1521, 1524-25 (10th Cir. 1996).

---

[1]We further add that even if the statute were otherwise vague, our holding, set forth in detail in Saffo, that the statute contains a sufficient mens rea requirement, would mitigate that vagueness. See Village of Hoffman Estates, 455 U.S. at 499 ("[T]he Court has recognized that a scienter requirement may mitigate a law's vagueness, especially with respect to the adequacy of notice to the complainant that his conduct is proscribed."); see also United States v. Gaudreau, 860 F.2d 357, 360 (10th Cir. 1988) ("[A] scienter requirement may mitigate a criminal law's vagueness by ensuring that it punishes only those who are aware their conduct is unlawful.") (citing Screws v. United States, 325 U.S. 91, 101-04, 65 S.Ct. 1031, 1035-37, 89 L.Ed. 1495 (1945) (plurality opinion)); Wayne R. LaFave & Austin W. Scott, Jr., Substantive Criminal Law § 2.3, at 130 (1986) ("Not infrequently the Supreme Court, in passing upon a statute claimed to be unconstitutional for vagueness, has concluded that the statute gives fair warning because scienter is an element of the offense.") (citations omitted).

"Evidence is sufficient to support a criminal conviction if a reasonable jury could find the defendant guilty beyond a reasonable doubt, given the direct and circumstantial evidence, along with reasonable inferences therefrom, taken in a light most favorable to the government." United States v. Mains, 33 F.3d 1222, 1227 (10th Cir. 1994).

To sustain a conviction under 21 U.S.C. § 841(d)(2), the government must prove that the defendant: (1) knowingly or intentionally possessed or distributed a listed chemical, (2) knowing or having reasonable cause to believe that the listed chemical would be used to manufacture a controlled substance. 21 U.S.C. § 841(d)(2). Day does not challenge the fact that he knowingly or intentionally possessed or distributed pseudoephedrine. Thus, the only question is whether, given the direct and circumstantial evidence, along with reasonable inferences therefrom, taken in a light most favorable to the government, the evidence was sufficient for a jury to find beyond a reasonable doubt that Day knew or had reasonable cause to believe the pseudoephedrine would be used to manufacture methamphetamine. We hold that it was.

Day knew that pseudoephedrine could be used to manufacture methamphetamine. He distributed large quantities of pseudoephedrine in cash transactions, a practice which he himself described to the DEA as "suspicious" and "strange." Day had patently bogus documentation for his alleged Arizona

pseudoephedrine customers, was informed of their nonexistence, yet continued to list the false Arizona companies on invoices for sales of pseudoephedrine. Although Day's invoices showed that he was shipping to Arizona companies, he was actually making drop shipment deliveries to Saffo's residence, hair salon, and self-storage units. Day did not list Saffo, his largest single pseudoephedrine customer, on the list of customers he provided to the DEA. Day and Saffo established a bank account in Oklahoma City for the sole purpose of receiving cash payments for pseudoephedrine sales. From this evidence, a reasonable jury could have found Day guilty beyond a reasonable doubt of a violation of 21 U.S.C. § 841(d)(2). Contrary to Day's arguments, the jury did not impermissibly have to attribute inferences pertaining to the other defendants, Saffo and El-Hajjaoui, in order to find Day guilty.

C. Whether a Lesser Included Offense Instruction Should Have Been Given

Day asked for an instruction on 21 U.S.C. § 842(a)(11), which he contends is a lesser included offense of 21 U.S.C. § 841(d)(2). The district court refused the proposed instruction.

For the reasons set forth in the related case, United States v. El-Hajjaoui, No. 99-6241, ___ F.3d ___ (10th Cir. Sept. 18, 2000), we reject Day's argument on this issue and affirm the district court's decision not to provide the instruction.

D.    Whether Day's Sentence Should Have Been Adjusted for Acceptance of Responsibility

Day argues that he was entitled to a two-point reduction for acceptance of responsibility under U.S.S.G. § 3E1.1 because he never denied the acts he was charged with committing. He maintains that his challenge throughout has been a legal one, and that he should not be denied the reduction because of that challenge.

"Determination of acceptance of responsibility is a question of fact reviewed under a clearly erroneous standard." United States v. Gauvin, 173 F.3d 798, 805 (10th Cir. 1999). "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason the determination of the sentencing judge is entitled to great deference on review." U.S.S.G. § 3E1.1, commentary (n.5).

"To receive a sentence reduction for acceptance of responsibility, the defendant must show 'recognition and affirmative acceptance of personal responsibility for his criminal conduct.'" United States v. Mitchell, 113 F.3d 1528, 1534 (10th Cir. 1997) (quoting United States v. McAlpine, 32 F.3d 484, 489 (10th Cir. 1994)). The defendant has the burden of making this showing by a preponderance of the evidence. See id. The notes to the acceptance of responsibility provision in the sentencing guidelines state:

This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse. Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction. In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct). In each such instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct.

U.S.S.G. § 3E1.1, commentary (n. 2).

Because Day put the government to its burden of proof at trial, the question for us is whether this is one of the "rare situations" in which a defendant may clearly demonstrate an acceptance of responsibility despite the fact that he went to trial. We hold that it was not.

Although Day did not deny that he committed the acts that occurred, he never admitted his culpability for those acts. At sentencing, the district judge stated:

I think the defense went to much more than just the constitutionality of the statute and I don't find that the defendant at any time fully accepted -- did or has accepted responsibility for what he was alleged to have done, and for this reason, I just don't think it rises to the level that is necessary for acceptance of responsibility.

Day has pointed to nothing to show that this finding was clearly erroneous.

Like his co-defendant Saffo, Day cites this court's decision in United States v. Gauvin to support his argument that a reduction for acceptance of responsibility is warranted. Just as Gauvin did not support Saffo on this issue, it does not support Day. See Saffo, __ F.3d at __. In Gauvin, the defendant argued that his drunkenness rendered him incapable of forming the requisite mens rea. See Gauvin, 173 F.3d at 806. Although the jury disagreed with the defendant's argument, the district court found that his defense was made in good faith. It therefore gave the defendant a two-point acceptance of responsibility reduction. We affirmed, stating that "[a]lthough we recognize that such adjustments are 'rare,' and might not have reached the same decision, in light of the deference afforded the sentencing judge, we hold the district court did not err in granting a downward departure for acceptance of responsibility." Id. (internal citation omitted). Here, the evidence does not indicate that Day's defense was made in good faith; rather, it shows that the defendant had the requisite mens rea. Here, the district court, unlike the court in Gauvin, found no merit in Day's defense. Just as we gave deference to the district court's determination in Gauvin, we also give deference to the district court's determination here absent any compelling evidence to the contrary.

Thus, under the same principles used in Gauvin that looked to the good faith of the defendant's defense and afforded deference to the sentencing judge's

determination on that issue, we hold that the district court did not err in denying Saffo a downward departure for acceptance of responsibility.

## III. CONCLUSION

For the reasons set forth above, we AFFIRM Day's conviction and sentence.