**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 13 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JUAN CARLOS CHAVEZ-LOPEZ, also
known as Simon Redekop-Gutierrez,
George Redekop, Jorge Solano, Jorge
Solano-Ramos, Miguel Santisteven-
Aragon, and Simon Gutierrez-Gonzalez,

      Defendant-Appellant.

No. 99-2105
(D.C. No. CR-96-735-JP)
(D. New Mexico)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK, HOLLOWAY** and **EBEL**, Circuit Judges.

Juan Carlos Chavez-Lopez brings this appeal from the sentence imposed by the

district court after his conviction for illegal re-entry into the United States by a deported

alien after conviction of an aggravated felony, a violation of 8 U.S.C. § 1326. Mr.

Chavez waived his right to trial by jury and was found guilty after a bench trial. On

appeal he raises two sentencing issues.

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. This court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

# I

Mr. Chavez first contends that the district court erred in refusing to decrease his offense level for acceptance of responsibility. The burden is on the defendant to establish his entitlement to a reduction of offense level for acceptance of responsibility, and we review for clear error the district court's determination that he failed to meet that burden. *United States v. Bindley*, 157 F.3d 1235, 1240-41 (10th Cir. 1998), *cert. denied*, 525 U.S. 1167 (1999).

Chavez contends that he went to trial only to challenge the fundamental fairness of his earlier deportation. Relying on *United States v. Garcia*, 182 F.3d 1165, 1171-75 (10th Cir.), *cert. denied*, 120 S.Ct. 448 (1999), and *United States v. Gauvin*, 173 F.3d 798, 805-06 (10th Cir.), *cert. denied*, 120 S.Ct. 250 (1999), Chavez argues that he should not have been disentitled from the benefit of the acceptance of responsibility determination solely because he went to trial to preserve a legal defense. The record shows, however, that Mr. Chavez did not go to trial solely to preserve his contention that the previous deportation proceeding was lacking in fundamental fairness.

To the contrary, as Mr. Chavez's appellate counsel acknowledges, the record reveals that his trial counsel expressly stated that no defense was being waived. At the beginning of trial, the district judge asked the parties to state the issues that would be presented. The attorney for the United States said that the "main issue in this case, I imagine, will be the identity of the Defendant." Government counsel went on to explain

that Mr. Chavez had been previously convicted under another name, Michael A. Santisteven, and then had been deported under the name Miguel Santisteven-Aragon. She said that the prosecution would present fingerprint analysis evidence to show that Chavez was the person who had been convicted of cocaine distribution in Kansas in 1986, ordered deported in 1988, and actually deported in 1991.

Trial counsel for Chavez (who does not represent him on appeal) then said that the defense was not conceding any issues. More specifically when Mr. Bustamante, counsel for Chavez, was asked if he had anything to add to the prosecuting attorney's statement of the issues to be resolved, this exchange occurred:

> Mr. Bustamante: No, Judge, other than identity is an issue, at this point we are not conceding any issues, Judge, and would ask the Court to consider throughout the proceeding whether if the government, in fact, proves this person is the person who was deported in 1991 –
>
> The Court: That is basically the defense, that he is not the same person.
>
> Mr. Bustamante: Well, it is a defense, but also whether that hearing is fair in the context of this case, Judge.

III R. 4. The trial proceeded as the attorneys had anticipated, with the government using fingerprint evidence to establish that the defendant was the same person who had been convicted in Kansas in 1986 and subsequently ordered deported.

The reduction in offense level for acceptance of responsibility "is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt . . . ." U.S. Sentencing Guidelines Manual § 3E1.1,

-3-

comment., n.2. The Guidelines manual states:

> In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e. g. to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct.).

Id.

This is not such a case. Mr. Chavez did not proceed to trial for the purpose of establishing a potential legal defense, but put the government to the burden of establishing the necessary factual predicate for the charge. Accordingly, we find no error in the district court's denial of the requested downward departure for acceptance of responsibility. *See United States v. Day*, 223 F.3d 1225, 1230-31 (10th Cir. 2000) (affirming denial of acceptance of responsibility adjustment in deference to the district court's determination).

## II

Chavez's second contention is that the district judge erred in increasing his offense level by sixteen under USSG § 2L1.2. Under this section of the Guidelines, unlawful entry into the United States is assigned a base offense level of eight, which is increased to twelve if the defendant has been previously deported after a felony conviction (other than a violation of the immigration laws), and is increased to twenty-four if the defendant previously was deported after a conviction for an aggravated felony. Applying the definition of "aggravated felony" found in the Immigration Act at 8 U.S.C. § 1101(43),

-4-

application note 7 to section 2L1.2 of the Guidelines states that the term includes illicit drug trafficking.

Chavez's argument is based on the fact that Congress amended the statutory definition of aggravated felony to include drug trafficking *after* his conviction in Kansas in 1986. He suggests that Congress may have intended for the revised definition to apply only to drug trafficking convictions occurring after the amendment. Chavez's counsel acknowledges that we decided this issue adversely to him in *United States v. Aranda-Hernandez*, 95 F.3d 977, 981-82 (10th Cir. 1996). We consequently reject this argument and move to Chavez's constitutional attack on this same offense level adjustment.

### III

Chavez argues that the sixteen level increase in his offense level violated the Constitution's *ex post facto* provision, a contention which, like the previous one, is based on the fact that his previous conviction in state court in Kansas for distribution of cocaine preceded enactment, in the Anti-Drug Abuse Act of 1988, of the amended definition of an aggravated felony which is incorporated in USSG § 2L1.2(b). Once again, Chavez's counsel acknowledges that this argument has already been rejected by this court. *See United States v. Cabrera-Sosa*, 81 F.3d 998, 1001-02 (10th Cir. 1996). Accordingly, this argument is likewise rejected.

**Conclusion**

The sentence is **AFFIRMED.**

ENTERED FOR THE COURT


William J. Holloway, Jr.
Circuit Judge