**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 29 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAVID W. FUENTES,

Defendant - Appellant.

No. 02-2143
D.C. No. CR-01-214-JP
(D. New Mexico)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **LUCERO** and **O'BRIEN**, Circuit Judges.

---

David W. Fuentes was found guilty of two counts of being a felon in

possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and sentenced to

concurrent terms of seventy-eight months' imprisonment and three years'

supervised release thereafter.  On appeal, Fuentes challenges only the calculation

of his sentence, arguing that the district court erred in:  (1) using an ancient

---

[*] At the parties' request, the case is unanimously ordered submitted
without oral argument pursuant to Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G).
This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  The court generally
disfavors the citation of orders and judgments; nevertheless, an order and
judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

felony conviction to calculate his sentence under U.S.S.G. § 2K2.1(a)(2), a provision generally applicable to defendants with two prior felony convictions for a crime of violence or controlled substance offenses; and (2) refusing to grant a two-point reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. We have jurisdiction pursuant to 18 U.S.C. § 3742(a)(2) and 28 U.S.C. § 1291. Because the government has confessed error and our independent review confirms that the district court clearly erred in its application of § 2K2.1(a)(2), we vacate and remand for resentencing on the first claim. We affirm as to the second allegation of error.

# I

In calculating Fuentes's base offense level, the district looked to U.S.S.G. § 2K2.1(a)(2), which instructs the sentencing court to apply a base offense level of twenty-four "if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." The presentence report ("PSR") reveals two such prior felony convictions: (1) a 1979 conviction for accessory to second-degree murder; and (2) a 1985 conviction for distribution of a controlled substance. In 1989, Fuentes committed a parole violation relating to the 1979 conviction and was placed in custody until May 7, 1990.

In determining whether a prior felony conviction counts towards a defendant's base offense level under § 2K2.1, application note 15 indicates that the court should "use only those felony convictions that receive criminal history points [under U.S.S.G. § 4A1.1]." U.S.S.G. § 2K2.1 cmt. n.15. The definitions and instructions for computing criminal history under § 4A1.1 are contained in § 4A1.2(e), and specify that only prior sentences exceeding one year and imposed within fifteen years of the instant offense are counted. U.S.S.G. § 4A1.2(e)(1). While Fuentes was assessed three criminal history points for his 1979 conviction and subsequent 1989 parole violation, he received no criminal history points for his 1985 felony conviction in the PSR. Despite this, trial counsel failed to object to the district court's determination that Fuentes's base offense level under § 2K2.1(a)(2) was twenty-four, a base offense level indicating that both of Fuentes's prior felony convictions were used in calculating his sentence.

Fuentes did object, however, to the district court's refusal to grant a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1, arguing that he had never contested the fact that he possessed the guns or that he had two prior felony convictions. Based in part on United States v. Reed, 114 F.3d 1053, 1058 (10th Cir. 1997), where we observed that "[a] defendant who requires the government to make its proof by going to trial generally will not be allowed a

two-level departure for acceptance of responsibility," the district refused to grant the reduction.

## II

Fuentes failed to raise below the issue of the district court's use of an ancient felony conviction to calculate his sentence under § 2K2.1. Thus, our review is limited to plain error. See United States v. Farnsworth, 92 F.3d 1001, 1007–08 (10th Cir. 1996) (limiting review of the precise issue raised in the instant case to plain error because it had not been raised below); Fed. R. Crim. P. 52(b) ("A plain error that affects substantial rights may be considered even though it was not brought to the court's attention."). Plain error is (1) error, (2) that is plain, (3) that affects substantial rights of a defendant, and (4) that seriously affects the fairness, integrity, or public perception of judicial proceedings. Johnson v. United States, 520 U.S. 461, 467 (1997). In Farnsworth[1], this court examined the precise issue now before us and determined

---

[1] In Farnsworth, the court examined the pertinent note of commentary to the edition of the Sentencing Guidelines then applicable. 92 F.3d at 1007 (noting that the "court is to count any such prior conviction that receives any points under § 4A1.1" (quotation omitted)). While the instant case deals with the 2001 edition of the Sentencing Guidelines, the slight difference in the wording of the particular commentary notes is not significant. Under either phrasing, the fact that no criminal history category points were assessed to Fuentes for the 1985 Texas conviction is determinative of whether that conviction can be used for purposes of determining Fuentes's base offense level under § 2K2.1(a)(2).

that "basing a sentence on the wrong Guideline range constitutes a fundamental error affecting substantial rights."[2] 92 F.3d at 1007–08 (quotation omitted).

On appeal, Fuentes acknowledges that trial counsel failed to raise the issue below, but argues that the district court committed plain error affecting his substantial rights in determining that his base offense level was twenty-four. The government, for its part, agrees with Fuentes, and urges this court to vacate Fuentes's sentence and remand for resentencing. Fuentes asserts that the trial court should have looked to § 2K2.1(a)(4)(A) (setting a base offense level of twenty for those defendants with one qualifying prior felony conviction) rather than § 2K2.1(a)(2) (setting a base offense level of twenty-four for those defendants with at least two qualifying prior felony convictions). We agree. Fuentes's 1985 conviction did not result in any criminal history points, and § 2K2.1, cmt. n.15 specifically indicates that only those felony convictions that receive criminal history points are to be used in calculating base offense level under § 2K2.1. Thus, the district court's use of this 1985 conviction as one of the two predicate felony convictions under § 2K2.1(a)(2) was improper and

---

[2] After all the calculations were made, Fuentes had a total offense level of 26, criminal history category III, resulting in a guideline range of 78–97 months. If the 1985 Texas conviction had not been used in calculating Fuentes's base offense level under § 2K2.1(a)(2), Fuentes would likely have had a total offense level of 22, criminal history category III, with a guideline range of 51–63 months.

erroneous, affecting Fuentes's substantial rights.  In these circumstances, Fuentes's sentence must be vacated and the case remanded for resentencing.

## III

Fuentes also argues that the district court erred in denying a two-point reduction for acceptance of responsibility under U.S.S.G. § 3E1.1.  We review a determination that a defendant is not entitled to an adjustment for acceptance of responsibility for clear error.  United States v. Day, 223 F.3d 1225, 1230 (10th Cir. 2000).

In most cases, a defendant who requires the United States to prove the charges contained in the indictment does not qualify for the adjustment under § 3E1.1, and it is the defendant's "burden to establish an entitlement to this reduction."  Reed, 114 F.3d at 1058.  Nevertheless, a defendant who stands trial is not thereby automatically excluded from receiving an adjustment for acceptance of responsibility, as application note 2 makes clear:

> This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse . . . .  In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial.  This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct).  In each such instance, however, a

> determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct.

U.S.S.G. § 3E1.1 cmt. n.2 (emphasis added).

Fuentes argues that his case presents one of those rare circumstances when a defendant may clearly demonstrate an acceptance of responsibility even though he exercises his constitutional right to a trial, because he never challenged the factual elements that he possessed firearms after having been convicted of two felonies, and sought only to present an entrapment defense. Fuentes notes that we have held that application of the reduction for acceptance of responsibility is not necessarily precluded by raising an entrapment defense at trial. See United States v. Garcia, 182 F.3d 1165, 1173 (10th Cir. 1997). In the same case, however, we also emphasized that our decision that raising an entrapment defense does not preclude application of the adjustment "does not mean that the simple assertion of the entrapment defense coupled with acknowledgment of the underlying criminal activity automatically entitles a defendant to a two-point acceptance of responsibility reduction." Id. Because these circumstances do not automatically entitle a defendant to a two-point reduction, the district court had discretion to conclude, as it did, that Fuentes put the government to the burden of trial based on questions of fact. In reviewing the court's conclusion, we are mindful that "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility" and that "the determination of the sentencing judge

is entitled to great deference on review." U.S.S.G. § 3E1.1 cmt. n.5. Given the record before us,[3] we are unable to conclude that the district court clearly erred in finding that Fuentes put the government to the burden of trial based on questions of fact and was therefore ineligible for a two-point reduction for acceptance of responsibility under § 3E1.1.

## IV

Fuentes's sentence is **VACATED** in part and the matter is **REMANDED** for recalculation of sentence under U.S.S.G. § 2K2.1(a)(2).


ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge

---

[3] Fuentes freely admitted that he possessed firearms. However, in addition to raising an entrapment defense, Fuentes argued at trial that the government had not succeeded in proving that he possessed a firearm as a convicted felon within the meaning of the statute because he believed that his civil rights had been restored. The district court rejected Fuentes's argument on two grounds: (1) factually, Fuentes's civil rights had not been restored, and (2) Fuentes's belief that they had been restored is no defense to a general intent crime like being a "felon in possession of a firearm."