**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 29 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FAISAL J. MOHAMMAD;
JAMIL MOHAMMAD,

Defendants - Appellants.

Nos. 01-6304 & 01-6305
(D.C. No. 00-CR-103-L)
(W.D. Oklahoma)

**ORDER AND JUDGMENT** *

Before **O'BRIEN** and **PORFILIO** , Circuit Judges, and **KANE**, ** Senior
District Judge.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). These cases are

therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

** The Honorable John L. Kane, Senior District Judge, United States District
Court for the District of Colorado, sitting by designation.

These are consolidated direct criminal appeals. In each case, we affirm.

In August 2000, a six-count indictment was returned against defendants Faisal J. Mohammad and Jamil Mohammad. Count 1 charged that from November 1999 until December 1999, defendants conspired to distribute pseudoephedrine knowing or having reasonable cause to believe that it would be used to manufacture methamphetamine, in violation of 21 U.S.C. §§ 841(c)(2)[1] and 846. Count 2 charged Faisal Mohammad with unlawfully distributing pseudoephedrine on November 19, 1999. Counts 3, 4, 5, and 6 charged Jamil Mohammad with unlawfully distributing pseudoephedrine on December 9, 10, 15, and 21, 1999.

## Background

The evidence presented at trial can be summarized as follows. El Reno police learned that pseudoephedrine found at a methamphetamine lab was purchased from a convenience store owned and operated by Faisal and Jamil Mohammad. Based on this information, police arranged for an undercover detective, David Beaty, to make controlled purchases of pseudoephedrine from

---

[1] The indictment cited 21 U.S.C. § 841(d)(2), but that section was recodified as (c)(2) in February 2000 by Pub. L. No. 106-172. The change was a technical one; the language of the statutory section was not revised. Therefore, the inclusion in the indictment of a citation to the former numbering of the statutory section does not affect the validity of the indictment. See United States v. Prentiss, 256 F.3d 971, 983 (10th Cir. 2001) (per curiam) (en banc).

Faisal and Jamil Mohammad. To establish a connection, Detective Beaty posed as the boyfriend of Glenda Barker, an informant who knew Jamil Mohammad.

Ms. Barker told Jamil Mohammad that she and Detective Beaty had gone all the way to Tulsa to buy pseudoephedrine. Jamil Mohammad told her that he could sell them pseudoephedrine in bulk and that he had customers who bought a case every week, including a customer in Kingfisher, Oklahoma. Tr., Vol. 4, at 341-42, 347. In this regard, a former employee at defendants' store testified that Jamil Mohammad sold a case of pseudoephedrine to a man from Kingfisher when she was working in late 1999 or early 2000. Id., Vol. 3 at 137-38. Further, a woman who lived with Donald Worley, a man who manufactured methamphetamine in Kingfisher, testified that she went with Mr. Worley to defendants' store on two occasions to purchase pseudoephedrine from Jamil Mohammad. Id. at 143-45, 161-62. In addition, the lot number on a bottle of pseudoephedrine found at the Worley residence in Kingfisher was the same as the lot number on twelve bottles of pseudoephedrine Detective Beaty and Ms. Barker bought from the defendants on November 19, 1999. Id., Vol. 4, at 267, 269.

Detective Beaty's purchases from defendants were arranged over the telephone and all but one were completed in the parking lot of an apartment complex. All of the purchases were made in cash without receipts. The first purchase, of ten bottles of pseudoephedrine, was arranged over the phone with

Jamil Mohammad on November 6, 1999, and completed at the parking lot the next day with Faisal Mohammad. Id. at 183-84, 186. Detective Beaty bought twelve more bottles from Faisal Mohammad on November 10, 1999. Id. at 187. Faisal Mohammad told Detective Beaty and Ms. Barker that they could not continue to buy small quantities and that they needed to buy a case–144 bottles. Id. at 205, Vol. 4 at 347. On November 19, 1999, Detective Beaty bought a case of pseudoephedrine from Faisal Mohammad. Id., Vol. 3 at 191. Detective Beaty made additional purchases from Jamil Mohammad on December 9, 10, 15, and 21. Id. at 198, 200, 202, 205. Detective Beaty and Ms. Barker repeatedly told defendants that they "were cooking." Id., Vol. 4 at 348. Jamil Mohammad told Detective Beaty and Ms. Barker that there was "a lot of money in cooking meth." Id. at 261. Over a period of several weeks, Detective Beaty bought hundreds of bottles and thousands of tablets of pseudoephedrine from defendants.

The jury convicted Faisal Mohammad on counts 1 and 2, and convicted Jamil Mohammad on counts 1, 3, 4, 5, and 6. Faisal Mohammad was sentenced to sixty-three months' imprisonment and two years' supervised release on each count of conviction, the terms to be served concurrently, and was ordered to pay $200 in special assessments. Jamil Mohammad was sentenced to sixty-six months' imprisonment and three years' supervised release on each count of conviction, the terms to be served concurrently, and was ordered to pay $500 in special

assessments. Faisal J. Mohammad appeals in No. 01-6304; Jamil Mohammad appeals in No. 01-6305.

## Issues on Appeal

Because of the similarity of the issues each of the defendants raises, we list them all here. First, both defendants argue that 21 U.S.C. § 841(c)(2) is unconstitutional because the "reasonable cause to believe" standard is unconstitutionally vague and because the statute lacks a sufficient mens rea requirement. Next, both defendants assert that the district court erred by admitting the "Kingfisher" evidence because it was more prejudicial than probative and inadmissible under Fed. R. Evid. 404(b). Third, both defendants argue that the district court erred in failing to give a requested jury instruction on the offense found in 21 U.S.C. § 842(a)(11), which they assert is a lesser-included offense. Jamil Mohammad also asserts that the district court erred by refusing to give his instruction on entrapment. Fourth, both defendants assert that the evidence was insufficient to support their convictions. Finally, both defendants challenge the district court's application of the sentencing guidelines. Faisal Mohammad asserts that the district court erred in its finding as to the total quantity of pseudoephedrine for which to hold him accountable for guideline purposes and in finding that he was not entitled to a reduction as a minor

participant in the offense. Jamil Mohammad argues that the district court erred in its application of the acceptance of responsibility reduction.

## Discussion

Defendants' arguments that 21 U.S.C. § 841(c)(2) is unconstitutional were not raised in the district court and we therefore review them only for plain error. United States v. Walser, 275 F.3d 981, 985 (10th Cir. 2001), cert. denied, 122 S. Ct. 1943 (2002); Fed. R. Crim. P. 52(b). A plain error under Rule 52(b) must be an actual error that was forfeited, be plain or obvious, and affect substantial rights. United States v. Keeling, 235 F.3d 533, 538 (10th Cir. 2000), cert. denied, 533 U.S. 940 (2001). In the instant cases, there is no error. We have already considered and rejected the assertions that the "reasonable cause to believe" standard in § 841(c)(2) is unconstitutionally vague and that § 841(c)(2) lacks a constitutionally sufficient mens rea requirement. See United States v. El-Hajjaoui, 227 F.3d 1274, 1276-77 (10th Cir. 2000); United States v. Saffo, 227 F.3d 1260, 1267-70 (10th Cir. 2000). The circumstances here are not as dramatic or compelling as in those cases, but are sufficient. As demonstrated by the facts summarized above, both defendants were aware of the illegality of their conduct.

Next, defendants assert that the evidence that they sold pseudoephedrine to a methamphetamine lab in Kingfisher was not admissible under

Fed. R. Evid. 404(b) because it was more prejudicial than probative. We review the district court's admission of evidence under Rule 404(b) for abuse of discretion. United States v. Zamora, 222 F.3d 756, 762 (10th Cir. 2000). The rule states that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Rule 404(b). "However, evidence of another crime may be admitted to establish motive, intent, preparation, plan, identity, and absence of mistake or accident." Zamora, 222 F.3d at 762.

Under this standard, defendants' argument is without merit. The district court correctly observed that the government's evidence circumstantially linked the pseudoephedrine found in Kingfisher to the pseudoephedrine the defendants were selling. Tr., Vol. 4, at 316. Therefore, even if the "Kingfisher" evidence fell within the ambit of Rule 404(b), it was properly admitted as evidence of defendants' intent to sell pseudoephedrine for the manufacture of methamphetamine and was relevant to the crimes charged here. Defendants' argument that the evidence was more prejudicial than probative goes to Fed. R. Evid. 403, not 404(b), and is without merit.

We review de novo defendants' argument that the district court erred in failing to give a requested jury instruction on the supposed lesser-included offense found in § 842(a)(11). El-Hajjaoui, 227 F.3d at 1277. Defendants'

-7-

argument is without merit because we have already concluded that "21 U.S.C. § 841(a)(11) is not a lesser included offense of 21 U.S.C. § 841(d)(2)." Id. at 1278 (citing the former designation of § 841(c)(2)). Jamil Mohammad's assertion that the district court erred by refusing to give his entrapment instruction is also without merit. There is no credible evidence of entrapment.

Both defendants argue that the evidence was insufficient to sustain their convictions. "We review sufficiency of the evidence claims de novo, asking only whether, taking the evidence–both direct and circumstantial, together with the reasonable inferences to be drawn therefrom–in the light most favorable to the government, a reasonable jury could find [the defendant] guilty beyond a reasonable doubt." United States v. Allen, 235 F.3d 482, 492 (10th Cir. 2000) (quotations omitted), cert. denied, 532 U.S. 989 (2001). "We do not question the jury's credibility determinations or its conclusions about the weight of the evidence." Id. (quotations omitted). Based on our review of the record, we conclude that the evidence was sufficient to convict each of the defendants.

Finally, both defendants challenge the district court's application of the sentencing guidelines. "When reviewing an application of the Sentencing Guidelines, we review the district court's factual findings for clear error and questions of law de novo." United States v. Hurlich, 293 F.3d 1223, 1227 (10th Cir. 2002). Faisal Mohammad asserts that he should not have been held

accountable for the total quantity of pseudoephedrine in the conspiracy because he withdrew from the conspiracy, and that he was entitled to a reduction as a minor participant in the offense. Jamil Mohammad argues that the district court erred in its application of the acceptance of responsibility reduction. Based on our review of the record, we are unpersuaded by defendants' assertions of error. The district court handled the sentencing issues correctly.

The judgments are AFFIRMED. Defendants' motions for release pending appeal are denied as moot.

Entered for the Court


Terrence L. O'Brien
Circuit Judge