F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**August 30, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HONG SON NGUYEN, also known as
Sonny Nguyen, also known as Son
Hong Nguyen,

Defendant - Appellant.

No. 06-7125

(E. D. Oklahoma)

(D.C. No. CR-06-11-5-H)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

Hong Son Nguyen was convicted in the United States District Court for the

Eastern District of Oklahoma on one count of conspiracy to manufacture with

intent to distribute methamphetamine, *see* 21 U.S.C. § 846; *id*. § 841(a)(1),

(b)(1)(A). He was sentenced to 200 months' imprisonment and 60 months'

supervised release. He appeals his conviction, contending that the district court

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

erred (1) in denying his motion to sever his trial from that of his codefendant; (2) in denying his motion to suppress evidence; and (3) in refusing to instruct the jury on the lesser-included offense of distribution of a laboratory supply. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

## I.     BACKGROUND

Mr. Nguyen and four codefendants were charged in a seven-count indictment. Count I alleged that they had conspired to manufacture methamphetamine. One of the alleged overt acts was that Mr. Nguyen, who owned and operated T&B Express Grocery in Oklahoma City, had sold large quantities of pseudoephedrine tablets to Tatum Sorrels, one of his codefendants. The other six counts in the indictment charged only Clonnie Layman, the alleged ring-leader of the conspiracy, with a drug offense on September 11, 2002, and two drug offenses and three firearms offenses on August 25, 2003. According to the indictment, Mr. Layman had organized the purchase not only of the pseudoephedrine, but also of the other ingredients used in making methamphetamine. During 2002 and 2003, it alleged, the conspiracy conducted frequent manufacturing sessions producing about 250 grams of methamphetamine at each session.

On February 2, 2006, law enforcement agents arrested Mr. Nguyen at his store. During the encounter Mr. Nguyen conversed with the agents in English. After he had been read his rights, he consented to a warrantless search of his

home and business. The record and briefs do not indicate what evidence the agents seized during the search. Shortly before trial Mr. Nguyen moved to suppress the seized evidence, contending that his consent to the search was invalid because (1) his limited knowledge of English had made his consent unknowing, and (2) the agents had not informed him that he could refuse consent. The district court denied his motion, finding that his consent had been knowing and voluntary.

Mr. Nguyen also filed a motion to sever his trial from that of his codefendant, Mr. Layman. (The other three defendants had entered into plea agreements with the government before trial.) He argued that he would be prejudiced by a joint trial because six of the seven counts in the indictment alleged criminal acts in which he was not involved, and the evidence against him was minimal compared to that against Mr. Layman. The district court denied the motion.

On July 17, 2006, Mr. Nguyen and Mr. Layman were tried together before a jury. Invoices showed that Mr. Nguyen had purchased over 400,000 tablets of pseudoephedrine (although the record on appeal does not provide a time frame) and had sold pseudoephedrine to Ms. Sorrels. Ms. Sorrels testified that when instructed by Mr. Layman, she would go to T&B Express Grocery and give Mr. Nguyen a plastic bag containing cash that Mr. Layman had prepared. After

Mr. Nguyen and his family had counted the money, Mr. Nguyen would give Ms. Sorrels large quantities of pseudoephedrine tablets.

Mr. Layman, remarkably, testified on Mr. Nguyen's behalf. He said that when he had originally approached Mr. Nguyen about buying large quantities of pseudoephedrine, Mr. Nguyen had told him that he would not sell Mr. Layman the pills because he suspected that he would do something illegal with them. Mr. Layman convinced Mr. Nguyen that he was simply going to sell the pills at a flea market, and Mr. Nguyen agreed to sell him the pills. Although Mr. Layman stated that Mr. Nguyen did not speak English well, his description of their dealings showed that Mr. Nguyen understood enough that Mr. Layman could call him to arrange the purchases. The evidence also showed that on September 25, 2003, law enforcement agents had given Mr. Nguyen a notice informing him that pseudoephedrine could be used for manufacturing illegal drugs.

During trial Mr. Nguyen requested a supplemental jury instruction on the "lesser included offense" of "Distribution of Laboratory Supply with Reckless Disregard Used to Manufacture Methamphetamine." R. at 46. The court did not give the requested instruction. The jury found Mr. Nguyen guilty on the conspiracy charge.

## II.    DISCUSSION

### A.    Motion to Sever

Mr. Nguyen contends that his trial should have been severed from that of Mr. Layman.  We review the district court's refusal to sever for an abuse of discretion.  *See United States v. Small*, 423 F.3d 1164, 1181 (10th Cir. 2005).  It is presumed that alleged coconspirators should be tried together.  *See United States v. Ray*, 370 F.3d 1039, 1045 (10th Cir. 2004) *vacated on other grounds by Ray v. United States*, 543 U.S. 1109 (2005).  The defendant must show "that there is a serious risk that a joint trial would compromise a specific trial right, or prevent the jury from making a reliable judgment about guilt or innocence." *Small*, 423 F.3d at 1182 (internal quotation marks omitted).  "To establish an abuse of discretion, a defendant must make a strong showing of actual prejudice." *Id*. at 1181.

Mr. Nguyen argues that a joint trial was improper because his role in the conspiracy was small compared to that of Mr. Layman, he had no knowledge of the methamphetamine labs where Mr. Layman and others manufactured the drug, and his sale of pills was unrelated to Mr. Layman's manufacturing activities.  But neither in his motion to sever nor in his briefs to this court does he point to any specific trial right compromised by joinder or explain why the jury could not judge his guilt or innocence based on the evidence concerning him.  We see no error in the denial of his motion or any prejudice from the joinder.

**B.     Motion to Suppress**

Mr. Nguyen argues that the district court erred in denying his motion to suppress because his consent to the warrantless searches of his home and business was not knowing and voluntary.  He contends that his limited knowledge of English rendered his consent unknowing, and that because he had been arrested at the time he gave consent, and was not told that he could refuse, his consent was not voluntary.

"When reviewing a district court's denial of a motion to suppress, we will consider the totality of the circumstances and view the evidence in a light most favorable to the government.  We will accept the district court's factual findings unless those findings are clearly erroneous." *United States v. Kimoana*, 383 F.3d 1215, 1220 (10th Cir. 2004) (citation omitted).  But we review issues of law, including the validity of consent, de novo.  *See United States v. Andrus*, 483 F.3d 711, 716 (10th Cir. 2007).

Mr. Nguyen has provided in the record only limited excerpts from the suppression hearing.  Nevertheless, we are able to conclude that the district court did not err in denying his motion to suppress.  A law enforcement agent present at Mr. Nguyen's arrest testified that Mr. Nguyen appeared to understand what the agents were saying and that he responded in English.  After a discussion in English about the officers' request to search his home and business, Mr. Nguyen signed a consent form agreeing to both searches.  Nothing in the record suggests

that Mr. Nguyen was confused or that he misunderstood the officers. Although he had been arrested at the time he signed the form, the district court found that the situation was not so coercive as to render his consent involuntary. *See United States v. Sims*, 428 F.3d 945, 953 (10th Cir. 2005) (arrestee's consent was valid). And because failure to advise an individual of his right to refuse a search request is not a "necessary prerequisite to demonstrating a 'voluntary' consent," *Schneckloth v. Bustamonte*, 412 U.S. 218, 232–33 (1973), the officers' alleged failure to tell Mr. Nguyen that he could refuse is insufficient in itself to render his consent involuntary. *See Sims*, 428 F.3d at 953. We affirm the district court's denial of his motion to suppress.

## C. Jury Instruction

Finally, Mr. Nguyen contends that the district court erred because it refused to instruct the jury on the offense of distribution of a laboratory supply, which he claimed to be a lesser-included offense. He invites us to overrule *United States v. El-Hajjaoui*, 227 F.3d 1274, 1278 (10th Cir. 2000), in which we held that distribution of a laboratory supply, *see* 21 U.S.C. § 842(a)(11), is not a lesser-included offense of conspiracy to distribute a controlled substance, *see* 21 U.S.C. § 841(a)(1). But just as we held in *El-Hajjaoui* that distribution of a laboratory supply requires proof of an element not required to prove conspiracy to distribute a controlled substance, it likewise requires proof of an element not required to prove the offense charged here—namely, "that the person to whom the laboratory

-7-

supply was distributed actually used or attempted to use that supply to

manufacture a controlled substance or a listed chemical."  227 F.3d at 1278.

Therefore, distribution of a laboratory supply was not a lesser-included offense.

The district court did not err in refusing the requested instruction.

## III.  CONCLUSION

We AFFIRM the judgment of the district court.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge