**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 1 2004**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSE GONZALEZ EDEZA, a/k/a Jose
Luis Pelaez-Morgan,

Defendant - Appellant.

No. 02-5157

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**
**(D. Ct. No. 01-CR-65-H)**

Submitted on the briefs:[*]

Michael G. Katz, Federal Public Defender, and Vicki Mandell-King, Assistant
Federal Public Defender, Office of the Federal Public Defender for the District of
Colorado, for Defendant-Appellant.

David E. O'Meilia, United States Attorney, and Kevin Danielson, Assistant
United States Attorney, Office of the United States Attorney for the Northern
District of Oklahoma, for Plaintiff-Appellee.

---

[*]After examining the briefs and the appellate record, this three-judge panel
has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th
Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Before **TACHA**, Chief Circuit Judge, **BALDOCK**, and **McCONNELL**, Circuit Judges.

---

**TACHA**, Chief Circuit Judge.

---

A jury convicted Defendant-Appellant Jose Gonzalez Edeza on three drug-trafficking-related counts. On appeal, he argues that the district court erroneously enhanced his sentence and constructively amended the grand jury's indictment. We disagree.

## I. Background

A grand jury indicted Mr. Gonzalez Edeza on three counts: (1) conspiracy to possess and distribute methamphetamine in violation of 21 U.S.C. § 846; (2) possessing with intent to distribute more than 500 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii); and (3) traveling in interstate commerce to promote a drug conspiracy in violation of 18 U.S.C. § 1952 (the "Travel Act"). He was convicted on all three counts and sentenced.

On appeal, Mr. Gonzalez Edeza first argues that the district court erred by increasing his offense level under U.S. Sentencing Guidelines Manual § 3B1.1(b) (2002) ("U.S.S.G."), contending both that insufficient evidence exists to establish his role as a manager or supervisor and that the district court made insufficient factual findings to support the enhancement. He next asserts that we should overturn his Travel Act conviction because either the district court's instructions

constructively amended that charge or a fatal variance existed between his indictment on that charge and the evidence offered at trial. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a) and AFFIRM.

## II. Discussion

### A. Sentence Enhancement Under U.S.S.G. § 3B1.1(b)

Mr. Gonzalez Edeza first contends that insufficient evidence exists to show that he was a manager or supervisor of the conspiracy, asserting instead that he was an equal to his coconspirators. We review for clear error the district court's determination that Mr. Gonzalez Edeza acted as a manager or supervisor. *United States v. VanMeter*, 278 F.3d 1156, 1166 (10th Cir. 2002). Under this standard, we "will not reverse a lower court's finding of fact simply because we would have decided the case differently. Rather, [we] . . . ask whether, on the entire evidence, [we are] left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citations omitted) (internal quotations omitted).

"Section 3B1.1(b) provides a three level increase in the base offense level if the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants." *United States v. Green*, 175 F.3d 822, 833 (10th Cir. 1999) (internal quotations omitted). At bottom, "[a] supervisor is one who exercised some degree of control over others involved in

the commission of the offense or . . . [who was] responsible for organizing others for the purpose of carrying out the crime." *United States v. Allemand*, 34 F.3d 923, 931 (10th Cir. 1994) (internal quotations omitted). To qualify for the enhancement, Mr. Gonzalez Edeza need only manage or supervise one participant. *United States v. Cruz Camacho*, 137 F.3d 1220, 1224 (10th Cir. 1998). To determine whether the district court properly applied this section to Mr. Gonzalez Edeza, we consider:

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others. U.S.S.G. § 3B1.1, Application Note 4.

> In enhancing Mr. Gonzalez Edeza's sentence, the district court stated:

> [T]he Government has established through citation to the record that there has been exercised in this case, by the defendant Mr. Edeza, the requisite kind of direction and control necessary to establish that he is a manager/supervisor. The court adopts by reference the factual citations in where there were communications, specifically from the defendant to Mr. Briones giving instructions, as well as other activities by Mr. Edeza where he was ordering and directing the conduct of Mr. Briones. Moreover, there is testimony . . . by officer Guzman that would form the basis of [a] manager/supervisor [determination], and therefore the court finds that the manager/supervisor determination is appropriate in this case.

The government's brief in support of enhancement, which the district court incorporated by reference into its findings, cites to several facts to support the enhancement, including that Mr. Gonzales Edeza coordinated Mr. Briones's

methamphetamine delivery and that Mr. Gonzalez Edeza exercised some supervision during a key meeting on May 23, 2001. We find that the record supports these assertions and thus cannot find that the district court clearly erred by increasing Mr. Gonzalez Edeza's sentence under § 3B1.1(b).

Mr. Gonzalez Edeza next argues that we should remand the case for resentencing because the district court's order contained insufficient factual findings to support the enhancement. To support this position, he cites to *United States v. Pelliere*, 57 F.3d 936 (10th Cir. 1995). We disagree.

In *Pelliere*, we remanded a case for resentencing after determining that the district court articulated "no specific findings to support its decision." *Id.* at 940. *Pelliere* required remand because the absence of factual findings "hindered" our appellate review, leaving it "to flounder in the zone of speculation." *Id.* (internal quotations omitted). Thus, *Pelliere* would counsel remand in this case only if we found the district court's factual findings so conclusory as to render the enhancement unreviewable. They are not.

By adopting the factual citations in the government's brief as part of its findings, the district court provided a clear and definite basis for enhancing Mr. Gonzalez Edeza's sentence—one that we have no difficulty reviewing. We therefore find that the district court made sufficient factual findings to support the enhancement. *Cf. United States v. Eyman*, 313 F.3d 741, 745 (2d Cir. 2002) ("A

district court satisfies its obligation to make the requisite factual findings [for the purposes of a U.S.S.G. § 3B1.1(a) enhancement] when it indicates in its written judgment that it is adopting the findings set forth in the [Presentence Investigation Report].").

**B.     Constructive Amendment**

Although he did not raise the issue below, Mr. Gonzalez Edeza argues on appeal that we should reverse his Travel Act conviction because the jury instructions and the evidence presented at trial either constructively amended his indictment or created a fatal variance.  To support this contention, he notes that the Travel Act indictment only charged him with "knowingly and willfully *travel[ing] in interstate* commerce from the State of Utah to the Northern District of Oklahoma." (emphasis added).  He then observes that the district court instructed the jury that "to sustain its burden of proof for the crime of traveling in interstate commerce to promote an unlawful activity as charged in Count Seven . . . , the government must prove . . . [that the] Defendant *traveled or used facilities in interstate commerce . . . .*" (emphasis added).  Mr. Gonzalez Edeza argues that by instructing the jury that it could convict him for *either* traveling or using facilities in interstate commerce, the district court effectively amended his indictment, which he argues requires us to reverse his conviction.

In response, the government admits that the Travel Act indictment did not

charge Mr. Gonzalez Edeza with using facilities in interstate commerce.

Nevertheless, the government contends that the first charge—conspiracy to

distribute methamphetamine—put Mr. Gonzalez Edeza on notice that the

government intended to introduce evidence regarding his telephone use—the

facility of interstate commerce at issue here.[1] The government therefore

concludes that Mr. Gonzalez Edeza cannot claim surprise, which is to say, Mr.

Gonzalez Edeza was not prejudiced.[2]

---

[1]Although we decide this case on other grounds, we note that the government's notice argument is dubious at best. *See United States v. Hien Van Tieu*, 279 F.3d 917, 921 (10th Cir. 2002) ("The prohibition on constructive amendments is derived from (1) the Fifth Amendment[,] which limits a defendant's jeopardy to offenses charged by a grand jury, and (2) the Sixth Amendment[,] which guarantees the defendant notice of the charges against him."). As the dual source of the rule makes clear, it protects *both* a defendant's right to be subjected only to charges set by a grand jury and his interests in having sufficient notice. *See United States v. Phillips*, 869 F.2d 1361, 1372 (10th Cir. 1988) (Seymour, J. dissenting) ("Although two of the purposes of an indictment are to provide a defendant with notice of the charges against him and to ensure that he is tried only on charges found by a grand jury, these two functions are separate. They involve different considerations and different dispositive factors.").

[2]We also note that, in making this claim, the government argued that it presented sufficient evidence to allow a reasonable jury to conclude that Mr. Gonzalez Edeza traveled in interstate commerce in connection with the alleged conspiracy. Although we have doubts about this assertion, we are even more troubled by the government's loose treatment of the record in support of this contention. For example, although the government states that Mr. Gonzalez Edeza "told Mr. Briones several times he was from Sinaloa, Mexico," the record on appeal is at best ambiguous on who told Mr. Briones this information. Indeed, a reasonable—if not best—reading of the record is that Jose Torres told Mr. Briones that Mr. Gonzalez Edeza was from Sinaloa. *See* R. at Vol. XIII, at 697.

(continued...)

-7-

### 1.  Standard of Review

We review unobjected-to claims of constructive amendment under a plain error standard.  *United States v. Cavely*, 318 F.3d 987, 999 (10th Cir. 2003).  To meet this standard "the error must (1) be an actual error that was forfeited; (2) be plain or obvious . . . ; (3) affect substantial rights . . . .[; and] (4) . . . seriously affect[] the fairness, integrity, or public reputation of judicial proceedings." *United States v. Edgar*, 348 F.3d 867, 871 (10th Cir. 2003).  If all four prongs are satisfied, we "may then exercise [our] discretion to notice [the] forfeited error." *Id*.

Although we have little doubt that Mr. Gonzalez Edeza could satisfy the first three prongs of plain error review, [3] we instead move quickly to the

---

[2](...continued)
In such instances, we expect—and have generally received—more care from the United States Attorney's office in representing the content of the record to this Court.

[3] Because the parties have not briefed the issue and because Mr. Gonzalez Edeza cannot satisfy the fourth prong, we need not choose sides in a three-way circuit split regarding the proper method to determine whether the alleged constructive amendment affected the defendant's substantial rights. *Compare United States v. Fletcher*, 121 F.3d 187, 192-93 (5th Cir. 1997) (refusing to reverse unobjected-to constructive amendment because "it could not have affected the outcome of the trial"); *United States v. Remza*, 77 F.3d 1039, 1044 (7th Cir. 1996) ("In the context of plain error review, the amendment must constitute a mistake so serious that but for it the defendant would probably have been acquitted in order for us to reverse.") (internal quotations omitted) *with United States v. Floresca*, 38 F.3d 706, 712-13 (4th Cir. 1994) (en banc) (holding that constructive amendments, because they are structural errors, affect substantial

(continued...)

dispositive fourth prong—whether the alleged constructive amendment affected the fairness, integrity, or public reputation of judicial proceedings. *See United States v. Cotton*, 535 U.S. 625, 632-33 (2002) ("[W]e need not resolve . . . [the first three prongs of plain error review], because even assuming respondents' substantial rights were affected, the error did not seriously affect the fairness, integrity, or public reputation of judicial proceedings."); *Johnson v. United States*, 520 U.S. 461, 469-70 (1997) (same). Following the teachings of *Cotton* and *Johnson*, we find that Mr. Gonzalez Edeza cannot satisfy this prong and has therefore failed to establish plain error.

In *Johnson* and *Cotton*, the Supreme Court interpreted the fourth prong of plain error review to prohibit recognition of plain error when evidence of a defendant's guilt on the challenged point is "overwhelming" and "essentially uncontroverted." *See Johnson*, 520 U.S. at 470 (finding that error under the Fifth and Sixth Amendments did not satisfy the fourth prong); *see also Cotton*, 535 U.S. at 633-34 (same under Fifth Amendment). Although these cases addressed instances in which the overwhelming and essentially uncontroverted evidence pertained to the *charged crime*, we do not find their reasoning limited to such

---

[3](...continued)
rights apart from prejudice) *and United States v. Syme*, 276 F.3d 131, 154 (3d Cir. 2002) (holding that constructive amendments raise a rebuttable presumption that a substantial right was affected).

cases. Instead, we read this principle to extend to closely linked crimes as well, recognizing that "[r]eversal for error, regardless of its effect on the judgment, encourages litigants to abuse the judicial process and bestirs the public to ridicule it." *Johnson*, 520 U.S. at 470.

The similarity of *Cotton* to the case before us supports this conclusion. In *Cotton*, the defendant appealed his conviction because the indictment failed to charge a necessary fact—drug quantity—in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *Cotton*, 535 U.S. at 628. The Court refused to find that the error, which violated the Fifth Amendment, affected the fairness, integrity, or reputation of judicial proceedings, because the government had presented overwhelming and essentially uncontroverted evidence of drug quantity at trial. *Id.* at 632-33. In fact, the Court went so far as to state, "Surely the grand jury, having found that the conspiracy existed, would have also found that the conspiracy involved at least 50 grams of cocaine base." *Id.* Given these legal and factual similarities, we hold that the analysis in *Cotton* controls.

Cases from other courts further support this understanding of the fourth prong. For example, in refusing to recognize plain error in *United States v. Daniels*, 252 F.3d 411, 414 (5th Cir. 2001), the Fifth Circuit stated:

> Assuming without deciding that the first three requirements are met, in this case we decline to exercise our discretion to correct any error. The unindicted act of causing the deposit of illicit funds could have properly been charged in the indictment and is prohibited by statute.

The two acts—deposit and withdrawal—are so closely linked here that we are convinced that the 'fairness, integrity or public reputation of judicial proceedings' is not implicated. . . . This claimed constructive amendment did not render the proceedings fundamentally unfair. *Daniels*, 252 F.3d at 414 (footnote omitted); *see also United States v. Reyes*, 102 F.3d 1361, 1365 (5th Cir. 1996).

Similarly, the District of Columbia Court of Appeals held:

Here, even if we assume that the evidence and instruction plainly amended the language of the indictment, there is no risk that the fairness, integrity or public reputation of judicial proceedings will be affected where the indictment included a citation that encompassed both subsections of the aggravated assault statute, and the evidence amply supported appellant's conviction of aggravated assault. *Smith v. United States*, 801 A.2d 958, 962 (D.C. 2002). [4]

*Cf. Cotton*, 535 U.S. at 633 ("Surely the grand jury, having found that the conspiracy existed, would have also found that the conspiracy involved at least 50 grams of cocaine."); *United States v. Gillon*, 348 F.3d 755, 758 (8th Cir. 2003) ("But assuming that the factual basis for a § 3147 enhancement should have been alleged in the indictment, we think that a grand jury if presented with the evidence offered by the government at trial would have found that Mr. Gillon was on pretrial release when he committed the drug crime."). Therefore, if

---

[4]Although there are cases that suggest the opposite conclusion, they do not significantly address *Johnson* or *Cotton*. *See United States v. Syme*, 276 F.3d 131, 156 (3d Cir. 2002) (finding the fourth prong satisfied in a constructive amendment case without considering impact of *Johnson* or *Cotton*); *United States v. Dipentino*, 242 F.3d 1090, 1096 (9th Cir. 2001) (finding, prior to *Cotton*, the fourth prong satisfied without considering *Johnson*). Accordingly, we find these cases unpersuasive.

overwhelming and essentially uncontroverted evidence exists in the record to support Mr. Gonzalez Edeza's guilt on the closely linked, but uncharged, crime of using facilities in interstate commerce, the alleged constructive amendment cannot satisfy the fourth prong of plain error review.

Applying this analysis to the current case, we find that Mr. Gonzalez Edeza cannot show that the alleged constructive amendment affected the fairness, integrity, or reputation of judicial proceedings. As noted above, the grand jury indicted him for traveling in interstate commerce under 18 U.S.C. § 1952, which allows conviction for "travel[ing] in interstate or foreign commerce or us[ing] mail or any facility in interstate or foreign commerce." 18 U.S.C. § 1952(a). Thus, the charged traveling-in-interstate-commerce count and the uncharged use-of-facilities-in-interstate-commerce count are closely linked. *See Daniels*, 252 F.3d at 414 (finding no plain error when there was overwhelming and essentially uncontroverted evidence of defendant's guilt of an uncharged crime that was closely linked to the charged crime). At trial, the government presented overwhelming and essentially uncontroverted evidence that Mr. Gonzalez Edeza used telephones to facilitate the operations of the drug conspiracy. [5] This use

_____

[5] The following colloquy between Assistant United States Attorney Robert Raley and witness Jose Briones is illustrative of the evidence presented:

Q. And while you were in that night in Albuquerque, did you receive

(continued...)

-12-

violated § 1952(a). *United States v. Pinelli*, 890 F.2d 1461, 1469 (10th Cir. 1989) ("Title 18 U.S.C. § 1952 prohibits interstate telephone calls which facilitate [unlawful activities.]"). We are therefore confident that there is overwhelming and essentially uncontroverted evidence of Mr. Gonzalez Edeza's guilt on the closely linked use-of-facilities-in-interstate-commerce count.

Because the government introduced overwhelming and essentially uncontroverted evidence proving Mr. Gonzalez Edeza's guilt on the closely linked crime of using facilities in interstate commerce, we find that allowing his conviction to stand would not seriously affect the fairness, integrity, or reputation of judicial proceedings. Indeed, we are confident that the "real threat . . . to the fairness, integrity, or reputation of judicial proceedings would" come from vacating Mr. Gonzalez Edeza's Travel Act conviction. *Cotton*, 535 U.S. at 634

---

[5](...continued)
a phone call from anybody?
A. Yes.
Q. And who did you receive a phone call from?
A. From Mr. Edeza.
. . . .
Q. And what were you told by Mr. Edeza during that phone call?
A. That they were waiting for me.
. . . .
Q. Okay. And did he say where they were waiting for you?
. . . .
A. Yes.
Q. What was [sic] his instructions on the phone call?
A. To get to Tulsa.

(internal quotations omitted). Therefore, we hold that the constructive amendment does not constitute plain error and that this same fourth prong analysis forecloses Mr. Gonzalez Edeza's variance claim as well.

### III.  Conclusion

Accordingly, we AFFIRM the judgment of the district court on all claims.