ORDER AND JUDGMENT *
BRORBY, Senior Circuit Judge.
Appellant Elias Armendariz-Perez pled guilty to one count of being found in the United States after deportation following a felony conviction. He now appeals his forty-month sentence, contending the district court improperly characterized his prior Texas conviction for burglary of a habitation as a crime of violence for the purpose of applying a sixteen-level enhancement pursuant to United States Sentencing Guidelines (“Guidelines” or “U.S.S.G.”) § 2L1.2. We exercise jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291 and affirm.
I. Background
On February 28, 2012, immigration authorities discovered Mr. Armendariz-Per-ez illegally in the United States and arrested him in Colorado. On June 11, 2012, Mr. Armendariz-Perez pled guilty to illegal reentry after deportation subsequent to a felony conviction, in violation of 8 U.S.C. § 1326(a) and (b)(1). Prior to his guilty plea, Mr. Armendariz-Perez entered into a fast-track plea agreement with the government and filed a statement in advance of that plea. In the agreement, Mr. Armendariz-Perez stipulated he previously received a felony conviction in Texas for “burglary of a habitation” and seven years probation. In estimating the Guidelines computations and indicating some disagreement may arise as indicated, the parties stated: “[t]he following specific of *878 fense characteristics apply: There is a 12-level increase under § 2L1.2(b)(l)(A) because [Mr. Armendariz-Perez] was previously removed following a conviction for a felony that is a crime of violence.” The parties further agreed the government would file a motion for a four-level downward departure based on the early disposition (or fast-track) Guidelines provisions under U.S.S.G. § 5K3.1 unless, following a presentence investigation, “it is determined [Mr. Armendariz-Perez] has a previous conviction for a ‘crime of violence,’ ” as defined in U.S.S.G. § 2L1.2 application note 1, in which case it would only move for a two-level reduction. Under that definition, a “crime of violence” includes federal, state, or local “burglary of a dwelling,” see U.S.S.G. § 2L1.2, cmt. n. l(B)(iii), and we define “dwelling” as including “any enclosed space that is used or intended for use as a human habitation.” United States v. Rivera-Oros, 590 F.3d 1123, 1132 (10th Cir.2009) (internal quotation marks omitted).[1] In addition, Mr. Armendariz-Perez agreed he could not “contest the government’s determination” of whether his prior crime constituted a crime of violence for the purpose of moving for a downward departure under § 5K3.1. At the plea hearing, the district court accepted Mr. Armendariz-Perez’s guilty plea, asking him multiple questions concerning his plea agreement, including whether he understood the charges against him and how the Guidelines may be applied in his case, to which he affirmatively answered.
Thereafter, a federal probation officer prepared a presentence report, recommending a sixteen-level enhancement under U.S.S.G. § 2L1.2(b)(l)(A) for a “crime of violence” based on Mr. Armendariz-Perez’s prior Texas conviction for burglary of a habitation under Texas Penal Code § 30.02.[2] Specifically, the presentence report noted that on or about September 5, 1998, Mr. Armendariz-Perez intentionally or knowingly entered a habitation with the intent to commit theft without the effective consent of the owner, as indicated in the original indictment to which he pled guilty. The probation officer then calculated Mr. Armendariz-Perez’s total offense level at 21 and his criminal history category at III, for a resulting advisory Guidelines range of forty-six to fifty-seven months in prison. Thereafter, as referenced in the agreement, the government filed for a two-level downward departure in his offense level, under U.S.S.G. § 5K3.1, for the purpose of reducing the Guidelines range to thirty-seven to forty-six months imprisonment. See U.S.S.G. Ch. 5, Pt. A (Sentencing Table).
Mr. Armendariz-Perez did not file objections to either the presentence report or the government’s § 5K3.1 motion. At the sentencing hearing, his counsel stated Mr. Armendariz-Perez did not “have any objections or corrections to the presentence *879 report” or any objection to the government’s motion for a two-level departure, which the government pointed out was “based on the fact that the defendant’s conviction for burglary constitutes a crime of violence.” The district court granted the departure, resulting in an advisory Guidelines range of thirty-seven to forty-six months, and the government requested a sentence at the low end of the Guidelines range at thirty-seven months. While discussing the sentencing factors in 18 U.S.C. § 3553(a), the district court noted, in part, Mr. Armendariz-Perez “broke into a gentleman’s house, the circumstances are unknown to the court,” and that “[h]e was convicted of burglary of a habitation which is considered by the probation office and the law to be a crime of violence.” After considering the requisite sentencing factors, the district court sentenced Mr. Ar-mendariz-Perez to forty months imprisonment. Mr. Armendariz-Perez did not make a contemporaneous objection to the district court’s characterization of his prior conviction or the sentence it imposed.
II. Discussion
For the first time on appeal, Mr. Ar-mendariz-Perez asserts his prior conviction for burglary of a habitation is not a “crime of violence” because a burglary committed under Texas Penal Code § 30.02 may include structures appurtenant to a residence or dwelling, which is broader than U.S.S.G. § 2L1.2(b)(l)(A)(ii) and its commentary, which require burglary of a dwelling in order to qualify as a crime of violence. See § 2L1.2(b)(l)(A)(ii) cmt. n. l(B)(iii). Because he did not raise this argument before the district court, Mr. Armendariz-Perez contends our review is for plain error. In discussing plain error, he argues the district court committed an error in failing to conduct a categorical approach and determine the statute is ambiguous because it defines burglary as including both a dwelling and structures appurtenant to it. He argues it then should have applied a modified categorical approach by relying on certain judicial records to decide if the offense involved the burglary of a dwelling.[3] Because a possibility exists he only burglarized an appurtenant structure, Mr. Armendariz-Perez contends the district court committed an error that was plain by characterizing his prior offense as a crime of violence. In making this argument, Mr. Armendariz-Perez discusses the burglary statutes of several states, pointing out Texas is in the minority in defining “burglary” to include outbuildings, and further suggests our pri- *880 or precedent requires a modified categorical approach.
In support of applying a modified categorical approach, Mr. Armendariz-Perez filed an unopposed motion to supplement the appellate record with judicial records from his prior conviction, which we granted. He filed such supplemental documents prior to the Supreme Court’s issuance of Descamps, contending these documents will show that the state of Texas charged him with general burglary of a habitation without any further specification as to whether it involved burglary of a dwelling or an appurtenant structure. As a result, he argued, both the third and fourth prongs of our plain error review are met because he can show a reasonable probability of a different outcome absent the district court’s plain error in treating his conviction as a crime of violence and a strong possibility the district court would have sentenced him at a lower Guidelines range without such an error.
Since Mr. Armendariz-Perez’s supplemental motion, the Supreme Court, in Des-camps, explained that the “modified categorical approach serves a limited function: It helps effectuate the categorical analysis when a divisible statute, listing potential offense elements in the alternative, renders opaque which element played a part in the defendant’s conviction.” 138 S.Ct. at 2283. However, it further explained the modified categorical approach does not apply if “state law defines burglary not alternatively, but only more broadly than the generic offense.” Id. Based on such supplemental authority, Mr. Armendariz-Per-ez now argues the modified categorical approach does not apply, as the Texas statute at issue is not divisible by setting out one or more elements of the offense in the alternative, but is written more broadly, and, instead, only a categorical approach applies, under which he must prevail.
In countering Mr. Armendariz-Perez’s claims, the government asserts he invited the error he now raises because he “urged the district court to find that his prior conviction qualifies as a crime of violence” in his plea agreement and further waived the issue by not objecting to the facts in the presentence report, including that he committed a crime of violence for burglary of a dwelling. Alternatively, it contends that if plain error analysis applies, his argument must fail because he now has the burden of proof to show his conviction was not a crime of violence. It suggests the documents he provided do not meet this burden, and therefore, he fails to establish a different outcome in the district court proceeding or the possibility of a lesser sentence.
We begin by explaining an “invited error” “prevents a party from inducing action by a court and later seeking reversal on the ground that the requested action was in error.” United States v. Lopez-Medina, 596 F.3d 716, 733 n. 10 (10th Cir.2010) (internal quotation marks omitted). “Our prior cases make clear that waiver bars a defendant from appealing an invited error.” United States v. Carrasco-Salazar, 494 F.3d 1270, 1272 (10th Cir. 2007). “[Wjaiver is the intentional relinquishment or abandonment of a known right” and is “accomplished by intent” rather than neglect.[4] Id. (internal quota *881 tion marks omitted). In addition, we have held that once a defendant’s guilty plea is entered and accepted by the court, he is bound by the agreement, subject only to provisions regarding its withdrawal. See United States v. Novosel, 481 F.3d 1288, 1293 n. 3 (10th Cir.2007).
In this case, contrary to the government’s contention, a fair reading of the plea agreement shows the parties merely estimated the Guidelines computations, and, in doing so, stated a twelve-level-not a sixteen-level-increase for a “crime of violence” applied.[5] While the parties now agree the reference to a twelve-level increase was mistaken, such an error prevents a conclusion Mr. Armendariz-Perez invited the sixteen-level enhancement error of which he now complains. In addition, while the parties indicated in the plea agreement that § 2L1.2(b)(l)(A)(ii) applied for “a crime of violence,” they also agreed the government would determine, at a later date, whether Mr. Armendariz-Perez committed a crime of violence for the purpose of moving for a downward departure under § 5K3.1. Thus, ambiguity exists as to whether Mr. Armendariz-Perez agreed in his plea agreement he committed a crime of violence for the purpose of any invited error analysis.
Nevertheless, even if he did not invite the error of which he now complains or, as the government contends, waive the issues raised for the first time on appeal, Mr. Armendariz-Perez cannot prevail under a plain error review. Under the plain error test, an appellate court may correct an error not raised at trial if (1) an error occurred; (2) that is “plain”; and (3) which affects substantial rights; and if these first three criteria are met, we may exercise our discretion to correct the error if it (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings. See Johnson v. United States, 520 U.S. 461, 466-67, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997). A defendant has the burden of establishing all of these criteria and because they are conjunctive, we need not continue our analysis if we determine any one of them is not met. See United States v. Gonzalez Edeza, 359 F.3d 1246, 1250 (10th Cir.2004). We note that to constitute plain error, it must be an error which is clear or obvious under current or well-settled law. See United States v. McGehee, 672 F.3d 860, 876 (10th Cir. 2012); United States v. Edgar, 348 F.3d 867, 871 (10th Cir.2003). Well-settled law means the Supreme Court or this court must have addressed the issue. See Edgar, 348 F.3d at 871.
In this case, even if we presume the district court erred in characterizing the prior conviction as a crime of violence,[6] the error was not plain. This is because the district court had no basis to believe Mr. Armendariz-Perez’s prior crime did not involve burglary of a dwelling or a crime of violence due to his failure to dispute such characterization of his prior offense, either in the presentence report or at the sentencing hearing. See United States v. Zubia-Torres, 550 F.3d 1202, 1208-09 (10th Cir.2008). Instead, Mr. Armendar-iz-Perez’s failure to object would not have *882 alerted the district court to any error, plain or otherwise, in its characterization or signal an obligation by it to apply a categorical approach to the statute or determine whether a modified categorical approach even applied for the purpose of considering any prior sentencing documents, which neither party deemed necessary for proffer. Indeed, while the district court did not have the benefit of the Supreme Court’s analysis of Descamps at the time of sentencing, the fact that the elements of the Texas statute do not appear to be divisible establishes no error occurred in its failure to apply a modified categorical approach.[7] See 138 S.Ct. at 2282. For these reasons, we also cannot say the district court committed plain error in failing to sua sponte consider or apply either approach in assessing whether the prior conviction constituted a crime of violence. See United States v. Easter, 981 F.2d 1549, 1556-57 (10th Cir.1992). Similarly, while Mr. Armendariz-Perez claims the statute, on its face, under a categorical review is too broad or ambiguous to show he actually burglarized a dwelling, no controlling authority exists in this circuit[8] or the Supreme Court on this issue. Rather, it appears the only court which has considered Texas Penal Code § 30.02 on categorical grounds is the Fifth Circuit, which has jurisdiction over federal crimes in Texas and determined, based on its examination of the statute alone, that the offense of “burglary of a habitation” under Texas Penal Code § 30.02 is the same as “burglary of a dwelling” for the purpose of applying U.S.S.G. § 2L1.2 for a “crime of violence.” See United States v. Garcia-Mendez 420 F.3d 454, 456-57 (5th Cir.2005). This position is contrary to Mr. Armendariz-Perez’s argument, even though it does not have precedential authority in this circuit. In any event, no controlling law, or even law from another circuit dealing with a categorical review of the Texas statute, conclusively holds the district court erred in applying a sixteen-level enhancement for its characterization of his prior conviction as a crime of violence, leaving us to conclude the error, if any, was not plain. See Edgar, 348 F.3d at 871 (holding error is plain only if error is clear or obvious under current or well-settled law).
Having made these determinations, we need not elaborate further on Mr. Armen-dariz-Perez’s arguments,[9] including con *883 ducting our own examination of the Texas statute or providing a further explanation of why a modified categorical analysis does not apply and no examination is needed of the prior conviction documentation submitted for the first time on appeal. Accordingly, we conclude the district court did not commit plain error in applying a sixteen-level enhancement for his prior conviction under Texas Penal Code § 30.02.
III. Conclusion
For the foregoing reasons, we AFFIRM Mr. Armendariz-Perez’s sentence.

 This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.

. The Guidelines and other sources of common law generally recognize burglary of a dwelling, such as a home or residence, as a "crime of violence” due to the increased possibility of the burglar confronting the resident, resulting in substantial risk of force being used and causing an increased risk of physical and psychological injury. See Rivera-Oros, 590 F.3d at 1130-31.

. Texas Penal Code § 30.02, to which Mr. Armendariz-Perez pled guilty, states a person commits the offense of burglary if, without the effective consent of the owner, he or she "enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony, theft, or an assault....” Texas Penal Code Ann. § 30.02(a)(1). "Habitation" is defined under another related Texas statute as a "structure or vehicle that is adapted for the overnight accommodation of persons,” which includes, in part, "each structure appurtenant to or connected with the structure or vehicle.” Texas Penal Code Ann. § 30.01(1)(B).

. When a defendant contests whether his pri- or conviction is a crime of violence, we have generally held the trial court is required to take a categorical approach by looking only to the fact of the conviction and the statutory definition of the prior offense. United States v. Hernandez-Rodriguez, 388 F.3d 779, 782 (10th Cir.2004) (relying on Taylor v. United States, 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990)). However, when the statute reaches behavior that may or may not encompass conduct that constitutes a crime of violence, we and the Supreme Court have held an exception exists allowing the district court to examine the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented, to determine if the actual offense the defendant was convicted of qualifies as a crime of violence. See Shepard v. United States, 544 U.S. 13, 16, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005); Hernandez-Rodriguez, 388 F.3d at 782-83. This modified categorical approach allows the sentencing court to examine sources of undisputed information, rather than conduct a fact-finding inquiry, thereby sparing it from conducting mini-trials on prior offenses which have already been adjudicated. See United States v. Damon, 127 F.3d 139, 145-46 (1st Cir.1997). Since the filing of this appeal, the Supreme Court has elaborated further as to when the modified approach applies, as discussed hereafter. See Descamps v. United States, - U.S. -, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013).

. As the Supreme Court has explained, "forfeiture is the failure to make the timely assertion of a right, [while] waiver is the intentional relinquishment or abandonment of a known right.” United States v. Olano, 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (internal quotation marks omitted). See also United States v. Jones, 530 F.3d 1292, 1298 n. 1 (10th Cir.2008) (similarly clarifying difference and noting "forfeiture” is sometimes mistakenly or interchangeably referred to as "waiver”).

. Section 2L1.2(b)(l)(A)(ii) prescribes a sixteen-level enhancement for a prior conviction involving a "crime of violence.” A crime of violence means "any of the following offenses under federal, state, or local law [including] ... burglary of a dwelling.” U.S.S.G. § 2L1.2 cmt. n. 1 (B)(iii).

. This court has generally held it is not "error” for a district court to adopt uncontested facts in the presentence report based on a defendant’s failure to allege a factual inaccuracy. See United States v. Rodriguez-Delma, 456 F.3d 1246, 1254 (2006); United States v. Overholt, 307 F.3d 1231, 1253 (10th Cir. 2002).

. As previously noted, Texas Penal Code § 30.02 states a person commits the offense of burglary if, without the effective consent of the owner, he or she "enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony, theft, or an assault,” and habitation is defined as a "structure or vehicle that is adapted for the overnight accommodation of persons,” which includes, in part, "each structure appurtenant to or connected with the structure or vehicle.” Texas Penal Code Ann. §§ 30.01 (1 )(B) and 30.02(a)(1).

. While this circuit has not decided the matter at hand, in a previous case involving the same issue we assumed-without deciding-that Texas Penal Code § 30.02 covers both burglaries of dwellings, which are violent crimes under § 2L1.2, as well as burglaries of "appurtenances,” which are not crimes of violence. See United States v. Ventura-Perez, 666 F.3d 670, 673-74 (10th Cir.2012). We did so for the purpose of more readily disposing of the case on other grounds, applying the modified categorical approach and viewing the applicable court documents, which clearly indicated the defendant’s burglary involved a home, and not an appurtenant building. Id. at 674-77. In light of Descamps, it now appears a modified categorical approach is not applicable to the Texas statute. Nonetheless, the fact remains that this circuit has never conducted a categorical analysis of the Texas statute at issue.

.We note Mr. Armendariz-Perez’s reliance on other circuit courts' decisions examining state burglary statutes other than the Texas statute at issue is unpersuasive and immateri *883 al to our waiver and plain error review, and we need not consider those statutes here.