FILED
United States Court of Appeals
Tenth Circuit

May 29, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOE DAVID WHITE,

    Defendant - Appellant.

No. 19-7022
(D.C. No. 6:17-CR-00086-RAW-1)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **EBEL**, and **MATHESON**, Circuit Judges.
_____

Joe David White pled guilty to one count of drug conspiracy and one count of

distribution of methamphetamine. In determining Mr. White's sentence, the district

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It may
be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

    We present this order and judgment in summary form to guard against disclosure
of grand jury information that may be protected under Federal Rule of Criminal
Procedure 6(e). A more detailed version of the order and judgment has been filed under
seal.

court increased his base offense level based on finding he was a manager or supervisor of criminal activity that involved five or more participants. *See* United States Sentencing Guidelines ("U.S.S.G.") § 3B1.1(b). The court calculated a Guidelines range of 151 to 188 months and sentenced Mr. White to 151 months in prison.

Mr. White appeals, arguing the district court erred in applying the § 3B1.1(b) enhancement. He also argues that, if we reverse the enhancement, he should receive safety-valve sentencing relief under U.S.S.G. § 5C1.2. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(2), we affirm.

We review the district court's ruling for clear error. *See United States v. Gonzalez Edeza*, 359 F.3d 1246, 1248 (10th Cir. 2004) ("We review for clear error the district court's determination that [a defendant] acted as a manager or supervisor" under U.S.S.G. § 3B1.1(b).). "Under this standard, we will not reverse the district court's finding unless, on the entire evidence, we are left with the definite and firm conviction that a mistake has been committed." *United States v. James*, 592 F.3d 1109, 1113 (10th Cir. 2010) (quotations omitted). "[W]e view the evidence . . . in the light most favorable to the district court's determination." *United States v. Mozee*, 405 F.3d 1082, 1088 (10th Cir. 2005) (citation omitted).

Based on the record, we conclude that (1) at least five participants were involved in Mr. White's criminal activity, and (2) Mr. White was a manager or supervisor of at least one participant. The sentence enhancement under U.S.S.G. § 3B1.1(b) was therefore appropriate. Because Mr. White was a manager or

2

supervisor, he does not qualify for safety-valve sentencing relief under U.S.S.G.

§ 5C1.2.

We uphold Mr. White's sentence and affirm the district court's judgment.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge