FILED
United States Court of Appeals
Tenth Circuit

December 9, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

DONOVAN JONES NEHA,

      Defendant-Appellant.

No. 07-2050
(D.C. No. 1:04-CR-01677-JB-2)
(Dist. of N.M.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, Circuit Judge, **McWILLIAMS**, Senior Circuit Judge, and
**HOLMES**, Circuit Judge.

Donovan Jones Neha appeals his jury conviction on three counts of sexual

abuse in Indian country in violation of 18 U.S.C. §§ 2, 1153, and 2242(2)(B).

Mr. Neha contends that the district court erred by denying his motion to sever his

trial from that of his co-defendant, Dion Lamy; that the government did not offer

sufficient evidence to prove that the crimes occurred in Indian country; and that

the district court should have granted his motion for a new trial because of

prejudicial trial testimony. Exercising jurisdiction pursuant to 28 U.S.C. § 1291,

---

[*] This Order and Judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

we **AFFIRM**.

## BACKGROUND

We have previously described the details of this case when we affirmed the conviction of Mr. Neha's co-defendant, Dion Lamy. *See United States v. Lamy*, 521 F.3d 1257, 1259-61 (10th Cir. 2008). We therefore only briefly summarize the relevant facts.

Donovan Neha and Dion Lamy were indicted for the sexual assault of a sixteen-year-old female, who was inebriated to the point of unconsciousness. The assault took place at a house allegedly located on the Zuni reservation in Black Rock, New Mexico. Witnesses testified that Mr. Lamy penetrated the victim's vagina with an object, and Mr. Lamy and Mr. Neha engaged in sexual intercourse with her while she was unconscious. Both Mr. Lamy and Mr. Neha made pre-trial statements in which they admitted to sexually assaulting the victim.

The district court denied Mr. Neha's motion for a severance and tried both Mr. Neha and Mr. Lamy in a consolidated trial. A jury found both defendants guilty on three counts of sexual abuse in Indian country in violation of 18 U.S.C. §§ 2, 1153, and 2242(2)(B).

Subsequently, Mr. Neha moved for a judgment of acquittal on the grounds that the government did not prove that the crime was committed in Indian country. He also motioned for a new trial because two witnesses allegedly provided prejudicial testimony. The district court denied both motions.

## DISCUSSION

On appeal, Mr. Neha raises three arguments. First, he claims that the district court erred in denying his motion to sever his trial from that of his co-defendant, Mr. Lamy. Second, he argues that the evidence was insufficient to establish that the alleged crime occurred in Indian country. Third, he contends that he is entitled to a new trial because two witnesses allegedly made prejudicial statements during their testimony. We review all of these issues and affirm.

### A. Severance

Mr. Neha argues that the district court erred in denying his motion to sever his trial from that of his co-defendant, Mr. Lamy. He claims he was prejudiced by a joint trial because Mr. Lamy's confession, even though redacted to excise all references to Mr. Neha, "detailed a series of highly inflammatory and prejudicial assaults . . . including assaulting [the victim] with carrots, a bottle, and a cigarette lighter." Aplt. Br. at 10. According to Mr. Neha, in a separate trial, these statements would not have been admissible because they are hearsay. Further, he contends, "[g]iven that minimal evidence indicated that Mr. Neha participated in or encouraged any of these acts [described in Mr. Lamy's statements], it was extremely prejudicial, far outweighing any probative value, to allow the United States to introduce evidence of those in Mr. Neha's trial." *Id.* at 10-11.

We review the district court's denial of a motion to sever for an abuse of discretion. *United States v. Apperson*, 441 F.3d 1162, 1190 (10th Cir. 2006).

-3-

Where the district court has denied severance, the defendant "bears the heavy burden of demonstrating prejudice to his case." *United States v. Wacker*, 72 F.3d 1453, 1468 (10th Cir. 1995) (internal quotation marks omitted). "[T]he defendant must show actual prejudice resulted from the denial" of the motion to sever. *United States v. Burkley*, 513 F.3d 1183, 1188 (10th Cir.) (internal quotation marks omitted), *cert. denied*, 128 S. Ct. 2979 (2008). Moreover, there is a "preference in the federal system for joint trials of defendants who are indicted together." *United States v. Durham*, 139 F.3d 1325, 1333 (10th Cir. 1998) (quoting *Zafiro v. United States*, 506 U.S. 534, 537 (1993)). Such trials "promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *Zafiro*, 506 U.S. at 537 (internal quotation marks omitted). Thus, a district court should grant severance only when "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *United States v. Sarracino*, 340 F.3d 1148, 1165 (10th Cir. 2003) (quoting *Zafiro*, 506 U.S. at 539).

In this case, the district court did not abuse its discretion when it denied Mr. Neha's motion to sever because Mr. Neha fails to show any actual prejudice. First, regardless of whether evidence of Mr. Lamy's assaults would have been inadmissible in a separate trial, a showing of actual prejudice does not include "a negative spill-over effect from damaging evidence presented against

-4-

co-defendants." *Wacker*, 72 F.3d at 1468. Similarly, a defendant cannot demonstrate actual prejudice solely by showing that he is less culpable than his co-defendant. *Id.*; *see also United States v. Small*, 423 F.3d 1164, 1182 (10th Cir. 2005) ("[N]either a mere allegation that defendant would have a better chance of acquittal in a separate trial, nor a complaint of the spillover effect from the evidence that was overwhelming or more damaging against the co-defendant than that against the moving party is sufficient to warrant severance." (internal quotation marks omitted)). It is true that "[w]hen many defendants are tried together in a complex case and they have markedly different degrees of culpability, [the] risk of prejudice is heightened." *United States v. Dazey*, 403 F.3d 1147, 1165 (10th Cir. 2005) (quoting *Zafiro*, 506 U.S. at 539). However, this is not a complicated case and, given the considerable evidence detailed below concerning Mr. Neha's involvement in the assault, we see no risk of such prejudice for Mr. Neha.

Second, Mr. Lamy's statements were redacted to remove mention of Mr. Neha, and any risk of prejudice was reduced by the district court's jury instructions, which ordered the jury not to consider Mr. Lamy's statements as evidence against Mr. Neha. R., Vol. V, Tr. at 203-04 (Trial Transcript, dated Nov. 29, 2005) ("[Y]ou are to draw no conclusions or make any implications about codefendant Donovan Neha's actions based on the statements of defendant Dion Lamy."). These instructions "cured any potential prejudice that could have

-5-

resulted from a joint trial." *United States v. Thompson*, 518 F.3d 832, 863 (10th Cir.), *cert. denied*, 129 S. Ct. 487 (2008); *see also Zafiro*, 506 U.S. at 540-41 ("Moreover, even if there were some risk of prejudice, here it is of the type that can be cured with proper instructions, and juries are presumed to follow their instructions." (citation and internal quotation marks omitted)).

Finally, there was significant additional evidence of his guilt. Mr. Neha admitted that he had sex with the victim multiple times while, according to several witnesses, she was physically incapable of declining to participate. Witnesses also testified that they saw Mr. Neha have sex with the victim while she was unconscious. Thus, in light of the significant evidence of guilt, Mr. Neha would be hard-pressed to demonstrate actual prejudice. *See United States v. Ray*, 370 F.3d 1039, 1045 (10th Cir. 2004) ("[Since] the government introduced significant evidence of [the defendant's] guilt at trial . . . [the defendant] has failed to make a 'strong showing of prejudice.'"), *vacated on other grounds*, 543 U.S. 1109 (2005).

Because Mr. Neha has failed to meet his heavy burden of showing prejudice, the district court did not abuse its discretion in denying his motion to sever.

## B. Sufficiency of the Evidence to Establish that the Alleged Crime Occurred in Indian Country

Mr. Neha contends that the government failed to establish that the alleged

crime occurred in Indian country, a jurisdictional requirement, and therefore the district court erred in denying his motion for judgment of acquittal. We review the denial of a defendant's motion for judgment of acquittal de novo, viewing all evidence presented at trial in the light most favorable to the government. *Apperson*, 441 F.3d at 1209.

Here, federal jurisdiction over the sexual crimes at issue was premised on 18 U.S.C. § 1153.[1] The government was required to establish that Mr. Neha was Native American, and that the alleged crimes occurred in Indian country. Indian country is defined as:

> Except as otherwise provided in sections 1154 and 1156 of this title, the term "Indian country", as used in this chapter, means (a) all land within the limits of any Indian reservation under the jurisdiction of the United States Government, . . . and, including rights-of-way running through the reservation, (b) all dependent Indian communities within the borders of the United States whether within the original or subsequently acquired territory thereof, and whether within or without the limits of a state, and (c) all Indian allotments, the Indian titles to which have not been extinguished, including rights-of-way running through the same.

18 U.S.C. § 1151.

---

[1] The statute provides in relevant part:

> Any Indian who commits against the person or property of another Indian or other person any of the following offenses, namely, . . . a felony under chapter 109A [sexual abuse] . . . shall be subject to the same law and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States.

At issue here is whether the house at 1311 Cottonwood Circle, Black Rock, New Mexico, was in Indian country in June 2002. Mr. Neha claims that the government established only that the house was in Indian country at the time of the November 2005 trial, not on June 15, 2002, the date of the crime. We addressed exactly this question in the case of Mr. Neha's co-defendant, Mr. Lamy. *Lamy*, 521 F.3d at 1267-68. We determined that the evidence was sufficient for the jury to reasonably find that the house was in Indian country at the time of the offense. *Id.* at 1268. Since no factual dissimilarities exist here, we resolve this issue by simply referencing our discussion in *Lamy*. *Id.* at 1267-68.

## C. Motion for New Trial

Mr. Neha argues that the district court should have granted him a new trial because: (1) Agent McCaskill briefly indicated that Mr. Neha's pre-trial statement had been redacted; and (2) a witness testified, in violation of a prior court ruling, that Mr. Neha touched the victim's breasts. We review the district court's denial of a motion for a new trial for an abuse of discretion. *United States v. Austin*, 231 F.3d 1278, 1281 (10th Cir. 2000). Under this standard, we will not disturb the district court's decision unless it is "arbitrary, capricious, whimsical, or manifestly unreasonable." *Id.* (internal quotation marks omitted).

Both Mr. Neha and his co-defendant, Mr. Lamy, made pre-trial statements in this case. The district court ordered the statements redacted to excise all

-8-

mention of Mr. Neha in Mr. Lamy's statements, and Mr. Lamy in Mr. Neha's statement. At trial, Agent McCaskill examined an exhibit containing Mr. Neha's pre-trial statement and testified: "This is a typewritten version of the statement that Mr. Neha handwrote. There are a couple of -- There were a few words that do not appear in this particular version of it because of legal things that have gone on -- in this case." R., Vol. V, Tr. at 129. Mr. Neha objected and moved for a mistrial, claiming a violation of his constitutional rights under *Bruton v. United States*, 391 U.S. 123 (1968). The district court refused Mr. Neha's request, but prohibited the government from introducing the exhibit containing Mr. Neha's statements.

On appeal, Mr. Neha argues that Agent McCaskill's statements "violated Mr. Neha's constitutional rights" because "[u]nder the *Bruton* standard, [the district court's] instruction did not cure the prejudice sustained by Defendant Neha." Aplt. Br. at 22-23. Mr. Neha appears to argue that the jury could infer from Agent McCaskill's statements that Mr. Lamy's confession, which was admitted at trial, also had been altered and that this confession originally implicated Mr. Neha.

To the extent that Mr. Neha claims that a *Bruton* violation occurred, we find no merit for this proposition. In *Bruton*, the Supreme Court held that "a defendant is deprived of his rights under the Confrontation Clause when his nontestifying codefendant's confession naming him as a participant in the crime is

introduced at their joint trial, even if the jury is instructed to consider that confession only against the codefendant." *Richardson v. Marsh*, 481 U.S. 200, 201-02 (1987). However, the *Bruton* rule does not apply to "statements that are not directly inculpatory but only inferentially incriminating." *United States v. Nash*, 482 F.3d 1209, 1218 (10th Cir.) (internal quotation marks omitted), *cert. denied*, 128 S. Ct. 822 (2007).

In this case, Agent McCaskill only testified that "this particular version" of Mr. Neha's confession had been altered. R., Vol. V, Tr. at 129. It is unclear why the jury would infer from this that Mr. Lamy's statements also had been altered. However, even if the jury made this inference, Mr. Neha would not automatically be incriminated, since he and Mr. Lamy were not the only individuals present and involved in the molesting of the victim. In other words, this is not a situation where it would have been "obvious from consideration of the confession as a whole that the redacted term was a reference to" Mr. Neha. *United States v. Verduzco-Martinez*, 186 F.3d 1208, 1214 (10th Cir. 1999). Similarly, to the extent that Mr. Neha argues that Agent McCaskill's statements warranted a new trial because they were prejudicial, we disagree. These statements were minor and, in the context of the entire trial, inconsequential, given the ample evidence of Mr. Neha's guilt.

Mr. Neha further argues that a witness violated a prior court ruling by stating that Mr. Neha had touched the victim's breasts sometime before the sexual

abuse at issue. Although the district court sustained Mr. Neha's objection and gave the jury a curative instruction, he nevertheless claims that the testimony was so prejudicial that he deserves a new trial.

We disagree. In determining whether a new trial is required after a witness offers improper information, we consider "(1) whether the prosecutor acted in bad faith, (2) whether the district court limited the effect of the improper statement through its instructions to the jury, and (3) whether the improper remark was inconsequential in light of the other evidence of the defendant's guilt." *Lamy*, 521 F.3d at 1266 (internal quotation marks omitted). Mr. Neha does not claim that the prosecutor acted in bad faith, nor does he dispute that the district court gave a curative instruction. Furthermore, the improper comment was inconsequential in light of the other evidence of Mr. Neha's guilt. Agent McCaskill testified that Mr. Neha admitted to having sex with the victim multiple times. Several other individuals testified that they saw Mr. Neha help carry the victim into the room and engage in sex with her. They also testified that the victim was unconscious and therefore incapable of consent. In sum, weighed against the strong government case against Mr. Neha, a fleeting mention that Mr. Neha touched the victim's breasts was inconsequential. Therefore, we uphold the district court's decision to deny Mr. Neha a new trial, finding no abuse of discretion.

**CONCLUSION**

For the foregoing reasons, we **AFFIRM** Mr. Neha's conviction.


ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge